**Lloyd DYE et ux., Petitioner,**

v.

**WESTERN FIRE AND INDEMNITY COMPANY, Respondent.**

**No. B–693.**

Supreme Court of Texas.

March 6, 1968.

Rehearing Denied May 1, 1968.

Splawn & Maner, Don Reed, Lubbock, for petitioner.

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for respondent.

PER CURIAM.

The court of civil appeals reversed the judgment of the trial court and remanded the cause for retrial on the sole ground that the jury finding on the issue of the workman's wage rate was contrary to the overwhelming weight of the evidence. The intermediate court refused the workman's tendered remittitur of the full amount of that part of the finding which was questioned. 423 S.W.2d 143.

The jury found that Naomi Dye's weekly wage rate was $56.82 and the trial court rendered judgment for total and permanent disability computed upon that rate. The intermediate court held that the finding included the sum of $9.74 as earnings for extra work and other allowances, and that the finding as to the additional sum was against the overwhelming weight of the evidence. The workman tendered a remittitur which would have subtracted the full sum of $9.74 from the finding on the wage rate issue and moved the court to render judgment upon the basis of a weekly wage rate of $47.08. A judgment upon that wage rate would have excluded all of the questioned part of the weekly wages. The court refused to grant the remittitur.

The judgment of the court of civil appeals in this case conflicts with several opinions of this court. See, Carter v. Texarkana Bus Company, 156 Tex. 285, 295 S.W. 2d 653 (1956); Dallas Railway & Terminal Co. v. Farnsworth, 148 Tex. 584, 227 S.W. 2d 1017 (1950); Texas Employers' Ins. Ass'n v. Lightfoot, 139 Tex. 304, 162 S.W. 2d 929 (1942). By authority of Rule 483, Tex.Rules Civ.Proc., the judgment of the court of civil appeals is reversed on the application for writ of error, and the cause is remanded to that court for compliance with Rule 440.