William OGLE, Appellant,

v.

ENTERPRISES LIMITED CO., INC., d/b/a Robert R. Thomas Co., Appellee.

No. 18817.

Court of Civil Appeals of Texas, Dallas.

May 13, 1976.

Linda S. Aland, Strother, Davis & Levy, Dallas, for appellant.

Wayne A. Johnson, II, Dalton, Moore, Forde, Joiner & Stollenwerck, Dallas, for appellee.

AKIN, Justice.

This is a suit by William Ogle, plaintiff, to recover certain bonus commissions allegedly due him on an oral contract of employment with appellee-defendant, Enterprises Limited Company. Plaintiff contended in the trial court that the oral contract provided that losses incurred by him during his first year of employment as a salesman for defendant were not to be carried forward into the second year in computing plaintiff's bonus for that year.

The trial court found, however, that the oral agreement provided that losses from the first year were to be carried forward into the second year if plaintiff terminated his employment prior to two years, and, that defendant incurred a loss under the contract formula. Accordingly, the trial court rendered judgment for the defendant and the plaintiff appeals. We affirm.

On appeal, plaintiff advances the following three arguments: (1) The trial court's finding that, under the oral agreement, the first year losses were to be carried forward into the second year in computing plaintiff's bonus is against the great weight and preponderance of the evidence; (2) the trial court erred in refusing to make additional findings of fact as requested by plaintiff; and (3) the trial court's conclusion that plaintiff was not entitled to bonus compensation under the contract was due to an error in computation and, therefore, manifestly wrong and unjust.

### 1. Weight and Preponderance of Evidence

Since plaintiff attacks the finding of the trial court that first year losses were to be carried forward into the second year in computing plaintiff's bonus as being against the great weight and preponderance of the evidence, we must review the evidence presented. E. g., In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). Plaintiff testified that, at the time he was employed, defendant's president, Robert Thomas, told him that under no circumstances would a loss be carried from the fourth quarter of any year into a subsequent year. However, Mr. Robert Thomas testified that he explained to plaintiff that a loss *would not* be carried forward from one year to the next so long as the employee completed a full two years of employment; otherwise, the loss would be carried forward. Since plaintiff chose to terminate his employment at the end of eighteen months, defendant carried the loss from the fourth quarter of plaintiff's first year forward into the second year for purposes of computing the bonus. The reason for the

two-year contingency of employment, according to Mr. Thomas, was that it took the company at least two years to recoup the investment made in a new salesman. To rebut defendant's contention on the terms of the contract, plaintiff presented two former employees of the defendant who, as Thomas admitted, were employed under agreements identical with that of the plaintiff. These witnesses testified that, under their oral contracts, losses were never to be carried forward. The first witness, Ralston, commenced his employment with the defendant in October 1966, and continued that employment until June 1971. He was, therefore, employed for approximately five years and, obviously, the two-year contingency would not have applied to him. Ralston's second term of employment was from March 1972 to May 1973. Again, the loss was not carried forward. However, Thomas testified that Ralston's second term of employment had been treated as though he had never left the company. The second witness, Townes, was employed for only two months commencing September 4, 1974, and terminating in November 1974. He was allegedly terminated because of incompetence and untruthfulness. Although he testified that losses were not to be carried forward under his oral contract, he did not work a sufficient period of time to receive a final earnings statement.

■ We hold that the evidence is sufficient to justify the trial court in concluding that the losses from the fourth quarter of the first year should be carried forward into the second year's calculation of the bonus due plaintiff. Since, in a nonjury case, the trial court is the judge of the credibility of the witnesses and the weight to be given their testimony, and since there was evidence to support the finding, it will not be overturned. *E. g., Johnson v. Lane*, 524 S.W.2d 361, 363 (Tex.Civ.App.—Dallas 1975, no writ). Consequently, we conclude that plaintiff's argument is without merit.

## 2. *Requested Additional Findings*

■ Plaintiff also argues that the trial court erred in refusing to make plaintiff's requested additional findings of fact: That the method of compensation in plaintiff's oral employment contract with defendant was the same used by defendant in every employment agreement that it has ever had with its salesmen; that Ralston and Townes were employed under identical contracts to that of plaintiff; that plaintiff's sixth and final quarterly salesman's earnings statement showed that plaintiff had year-to-date commissions earned of $26,014.12; and that the total bonus credited unpaid year to date was $4,888.29. These requested findings are, on their face, evidentiary rather than findings of ultimate fact, and, consequently, the trial court could properly refuse them. *See Sauer v. Johnson*, 520 S.W.2d 438, 442 (Tex.Civ.App.—Austin 1975, writ ref'd n. r. e.).

## 3. *Bonus Calculation*

Plaintiff also contends that the trial court erred in finding that the defendant incurred a net loss in the amount of $2,186.95. This argument assumes the correctness of the trial court's finding that losses from the first year were to be carried over into the second year in determining compensation to be paid for bonuses if the salesman terminates his employment with the company prior to the expiration of two full years. It is undisputed that the loss attributable to plaintiff during the first year was $7,075.24. Plaintiff argues that if this figure is properly calculated as of the date of plaintiff's termination, plaintiff is, nevertheless, entitled to bonus compensation. This is true, plaintiff contends, because the loss should have been subtracted from the commissions earned in excess of the "breakeven point" rather than subtracted from the total bonus due plaintiff at the end of the second quarter of the second year.

■ ■ We cannot reverse the judgment on this ground because plaintiff failed to raise this question in the trial court. He did not allege, even in the alternative, that defendant breached the contract as a result of this alleged miscalculation. He offered no evidence on this issue, but, on the contrary, he introduced exhibits showing how

defendant had calculated the bonus without attempting to elicit from any witness testimony showing that the calculation was wrong in this respect. Furthermore, he requested of the trial court no finding of fact which would have established that defendant's calculation was wrong, or establishing how the calculation should have been made if the loss for the first year was carried forward. In so far as this record shows, plaintiff never raised this question until he filed his brief in this court. We are not authorized to consider a theory of recovery that was not presented to the trial court. *State v. J. M. Huber Corp.*, 145 Tex. 517, 199 S.W.2d 501 (1947); *Findley v. Decker*, 499 S.W.2d 350, 352 (Tex.Civ.App. —Waco 1973, no writ); *see also Leonard v. Abbott*, 366 S.W.2d 925, 927 (Tex.1963).

Affirmed.