**Thomas O. BAILEY, Appellant,**

v.

**Mark D. MERRILL et al., Appellee.**

**No. 8214.**

Court of Civil Appeals of Texas, Beaumont.

April 5, 1979.

Rehearing Denied April 26, 1979.

Robert J. Hanley, R. M. Sharpe, Jr., Houston, for appellant.

Stephen M. Rienstra, Beaumont, for appellee.

CLAYTON, Justice.

This is a suit for damages arising from personal injuries sustained in an automobile collision. Plaintiff below, Thomas O. Bailey, while driving his automobile was struck from the rear by an automobile being driven by defendant, Mark D. Merrill. Prior to the trial, liability for all damages was stipulated. The parties also stipulated that plaintiff incurred property damage (to his automobile) in the amount of $1,835.32. Based upon such stipulations, the cause proceeded to trial solely upon the issue of damages sustained by plaintiff as the result of his personal injuries. In response to special issues, the jury assessed damages in the sum of $3,500 for past medical expenses and $1,500 for future medical expenses.

The jury also awarded $2,500 for past physical pain and mental anguish and $1,000 for future physical pain and mental anguish. In response to Special Issue No. 3(c), the jury found that plaintiff sustained lost earnings in the past in the amount of $18,000, and in 3(d) plaintiff sustained no loss of earning capacity in the future.

Defendant filed his motion to disregard the jury's answer to Special Issue No. 3(c), and the trial court granted such motion. Judgment was entered awarding plaintiff the total sum of $10,335.32. Plaintiff has perfected his appeal from such judgment.

Plaintiff urges only one point of error. He complains of error by the trial court in granting the defendant's motion to disregard the finding of the jury to Special Issue No. 3(c), for the reason that there was evidence of probative value in the record to raise and support such finding.

A contention on appeal that an answer to a special issue should not have been disregarded presents a "no evidence" point. *Harbin v. Seale*, 461 S.W.2d 591 (Tex.1970); *Frost National Bank v. Nicholas & Barrera*, 534 S.W.2d 927, 932 (Tex.Civ.App.—Tyler 1976, writ ref'd n. r. e.); *Harper Building Systems, Inc. v. Upjohn Co.*, 564 S.W.2d 123 (Tex.Civ.App.—Beaumont 1978, writ ref'd n. r. e.). In deciding a "no evidence" question, the appellate court must consider only the evidence and the inferences tending to support the finding and disregard all evidence and inferences to the contrary. *Lucas v. Hartford Accident & Indemnity Co.*, 552 S.W.2d 796, 797 (Tex.1977); *Fisher Construction Co. v. Riggs*, 160 Tex. 23, 325 S.W.2d 126, 127 (1959).

Special Issue No. 3, submitted to the jury was the damage issue. Included in such issue was subdivision (c) which inquired of the jury the damages sustained by plaintiff resulting from "loss of earnings in the past." It was this element of damages which was disregarded and set aside by the trial court.

The sole question before this court is whether there was any evidence of probative value to support the jury's finding that plaintiff sustained a loss of earnings in the past in the amount of $18,000.

■■■ Defendant argues that the element of damages submitted to the jury, to wit: "loss of earnings in the past", is not the proper measure of damages, and the proper measure of damages should have been submitted in terms of "diminished earning capacity." We agree. See *Greyhound Lines, Inc. v. Craig*, 430 S.W.2d 573 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.); *Greyhound Lines, Inc. v. Duhon*, 434 S.W.2d 406, 415 (Tex.Civ.App.—Houston [1st Dist.] 1968, no writ); *Dallas Ry. & Terminal Co. v. Gutherie*, 146 Tex. 585, 210 S.W.2d 550 (1948); *Jones v. Martin*, 481 S.W.2d 467 (Tex.Civ.App.—Texarkana 1972, no writ). However, defendant made no objections to the charge on such grounds, and he has therefore waived any such complaint on appeal. *Davis v. Campbell*, 572 S.W.2d 660 (Tex.1978); *Pool v. Dickson*, 512 S.W.2d 68 (Tex.Civ.App.—Tyler 1974, no writ); *Wilson v. King*, 311 S.W.2d 957 (Tex.Civ.App.—Austin 1958, writ ref'd). The question then before us is whether there is any evidence of probative value to support a jury finding of lost earnings from the date of his injuries to the date of trial and not any such evidence of diminished earning capacity. Plaintiff submitted his case to the jury with a special issue that asked the jury to find in dollars and cents his loss of earnings in the past, and, as to the future, the jury was asked to find the extent of his lost earning capacity. As to actual loss of earnings in the past, plaintiff may have assumed a greater burden of proof than would have been required in showing loss of diminished earning capacity. See *Ryan v. Hardin*, 495 S.W.2d 345, 349–50 (Tex.Civ.App.—Austin 1973, no writ).

Plaintiff, in his attempt to prove loss of earnings, relies solely upon his loss of profits from his construction business. Plaintiff was self-employed in the business of constructing homes, both custom and speculative, most of which sold for a price within the range of $60,000 to $70,000 in 1977 and 1978. At the time of his injuries he was essentially the only employee of the busi-

ness. All actual construction work was done by subcontractors. He performed the on-site inspections of the houses under construction, coordinated the various work crews, obtained the needed materials, and did all the paper work. He did not receive any salary from the company. His income or earnings from such business enterprise came solely from the net profits derived therefrom.

Plaintiff testified that he had started construction on twenty-one houses in the eight-month period immediately preceding the date of his accident. Seventeen of these were still under construction at that time. Thus, four houses had been completed during this eight-month period.

The remaining seventeen were completed during the nine-month interval between the date of the accident and the time of the trial. In addition to these, plaintiff had begun construction of six new houses after the accident and had only one which had not been sold at such time. During this nine-month period he had finished the construction of twenty-two houses and had sold twenty-one of them. He had derived the profits from these houses before the date of trial; therefore, he could have sustained no loss therefrom. In addition to the construction of such houses, he had been engaged in the construction of an office building. This was his own building, valued at $340,000, to be used as an office building, and he did not propose to make a profit from any sale of the building. It appears from the evidence plaintiff had during this period, beginning eight months before the accident and the date of the trial, completed twenty-six houses in addition to the time spent on construction of the office building. This total of completed houses is approximately the same as the average number of houses he testified as having constructed each year in the past.

Plaintiff testified that he had turned down nine to eleven jobs following his accident because of his injuries. However, he offered no proof of the type of house, the cost or anticipated profit to be derived from any such "job" which was turned down.

■ Plaintiff's burden in proving loss of earnings is greater than proving diminished earning capacity as indicated in *Ryan v. Hardin*, supra. In a case involving earning capacity, our Supreme Court in *Bonney v. San Antonio Transit Co.*, 325 S.W.2d 117 (Tex.1959), states the rule that:

"[W]here a plaintiff seeks damages for impairment of earning capacity, he must prove the amount of such damages with the degree of certainty to which it is susceptible. . . . The reason for this rule is that although the amount of damages resulting from impairment of a plaintiff's earning capacity must be left largely to the sound judgment and discretion of the jury, nevertheless the jury should not be left to mere conjecture where facts appear to be available upon which the jury could base an intelligent answer."

■ Where a plaintiff seeks special damages for loss of earning capacity in a particular business or profession, the amount of his earnings or the value of his services must be shown with reasonable certainty. *Rubner v. Kennedy*, 417 S.W.2d 860 (Tex. Civ.App.—San Antonio 1967, writ ref'd n. r. e.).

■ We find no evidence in this record by which the jury could have arrived at an intelligent verdict as to the extent and amount of plaintiff's damages for loss of past earnings. The verdict in this respect is based on mere conjecture. We, therefore, hold that there is no evidence of probative value to support the findings of the jury as to his loss of earnings from the date of the accident to the date of trial.

Finding no error, the judgment of the trial court is affirmed.

AFFIRMED.