Charlie CARR, Appellant,

v.

Pete GALVAN, Jr., Appellee.

No. 16721.

Court of Appeals of Texas, San Antonio.

March 2, 1983.

Rehearing Denied April 25, 1983.

James H. Keahey, Austin, for appellant.
Bruce Miller, San Antonio, for appellee.

Before ESQUIVEL, CANTU and TIJER-INA, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment awarding appellee $335.85 as damages for assault and battery and the additional sum of $35,000.00 as exemplary damages in a case alleging an assault and battery and violation of the Texas Deceptive Trade Practices Act. Tex.Bus. & Com.Code Ann. § 17.41 *et seq.* (Vernon Supp. 1982–83).

On or about April 12, 1978, appellee's wife, Mrs. Amanda Galvan, went to appellant's Conoco station to buy gasoline and to have the oil and water checked. The station employee represented to Mrs. Galvan that he had performed these services. Shortly after Mrs. Galvan had driven several miles, the car overheated and the car engine was damaged. Thereafter, on April 20, 1978, appellee went to the Conoco station to discuss the matter with appellant. Upon being advised that appellant was at his GMC dealership, appellee went there to

speak with him. A fight ensued at the dealership between appellant and appellee as a result of which appellee suffered three fractured ribs. Appellee was in the hospital from April 20—April 24, 1978.

Trial was to a jury which made the following findings in response to the special issues submitted:

(1) Amanda Galvan was a consumer

(2) The defendant, Charlie Carr, acting by or through his employee, represented to plaintiff's wife that he had performed certain requested services, when in fact, such services had not been performed.

(3) Plaintiff has been adversely affected by the failure of the defendant to perform the services inquired about in special issue 2.

(4) Plaintiff sustained actual damages in the amount of $606.75 as a result of the failure of the defendant, acting through his employee, to perform the services which the employee reported had been performed.

(5)a. $2,800.00 as reasonable attorney's fees

(6) Defendant, Charlie Carr, committed an assault and battery on the plaintiff, Pete Galvan, Jr.

(7) Plaintiff sustained injury to his body as a proximate cause of such assault and battery.

(8)a. $–0– for past physical pain and suffering

b. $2500.00 for future pain and suffering

c. $–0– for past mental suffering, anguish, humiliation, and embarrassment

d. $–0– for future mental suffering, anguish, humiliation, and embarrassment

e. $335.85 for past medical expenses

f. $4500.00 for lost earnings in the past

(9) Defendant, Charlie Carr, acted maliciously in committing the assault and battery

(10) Plaintiff to be awarded $35,000.00 in exemplary damages.

At the close of appellee's case, appellant moved for an instructed verdict as to the Deceptive Trade Practices Act on the basis that Mrs. Galvan was not a consumer and Mr. Galvan could not bring a case as to his wife's separate property. The court carried this motion.

Prior to entry of judgment, appellant and appellee respectively filed a Motion to Disregard Jury Findings and Motion for Judgment Upon the Verdict. After the court considered the motions and arguments of counsel, judgment was entered for appellee in the sum of $335.85 for assault and battery and $35,000.00 for exemplary damages. The court disregarded the answers to special issues number (1) thru (5)a, (8)b, and (8)f.

Appellant raises six points of error on appeal. Appellee responds with three cross-points.

In points of error numbers 1 and 2, appellant contends that the trial court erred in granting $35,000.00 in exemplary damages because the award is excessive and not reasonably proportional to the actual damages sustained. Appellant's contentions are based on the award by the court that appellee's actual damages are only $335.85. Appellee counters that the actual damages, as found by the jury, are $7,335.85.

Thus, before we can address appellant's points of error numbers 1 and 2, we must first address those points of error and those cross-points which will determine the amount of actual damages, namely, appellee's cross points numbers 1 and 2 and appellant's point of error number 6.

In cross-points numbers 1 and 2 appellee contends that the trial court erred in granting appellant's motion to disregard the jury's answer to special issues (8)b of $2500.00 for future pain and suffering and (8)f of $4500.00 for lost earnings in the past. In support of his contention, appellee argues that the jury's findings are supported by legally sufficient evidence and that the trial court erred in granting appellant's motion, because it ignored the standard for ruling on a motion to disregard. Appel-

lant's "Motion to Disregard Jury Findings," with respect to special issues (8)b and (8)f reads in pertinent part:

> The court should disregard the jury's answers to special issues no. 8(b), . . . and (f). The answers to special issues no. 8(b) and (f) are *against the greater weight and preponderance of the evidence.* (emphasis ours)

■ Under Tex.R.Civ.P. 301, a trial court may render judgment *non obstante veredicto* if a directed verdict would have been proper, and such court may disregard any special issue jury finding that has no support in the evidence.

■ It is well settled that a trial court cannot disregard the jury's answer to a special issue merely because the evidence is factually insufficient to support the answer. *L.H. Land Painting Co., Inc. v. S & P Construction, Inc.,* 516 S.W.2d 14, 16 (Tex. Civ.App.—Fort Worth 1974, writ dism'd); *Nash v. Roden,* 415 S.W.2d 251, 255 (Tex. Civ.App.—Austin 1967, writ ref'd n.r.e.); *Garza v. Alviar,* 395 S.W.2d 821, 824 (Tex. 1965). The question before us then, is whether there is any evidence "reasonably tending to prove, either directly or indirectly," the fact which the jury found. *Connor v. Buckley,* 380 S.W.2d 722, 724 (Tex.Civ. App.—Waco 1964, no writ). The trial court's judgment will be upheld only if there is no evidence to support the jury's findings, or if the special issues were supported by the evidence, they are immaterial. *Shook v. Republic National Bank of Dallas,* 627 S.W.2d 741, 748 (Tex.App.—Tyler 1981, writ granted); *Frost National Bank v. Nicholas & Barrera,* 534 S.W.2d 927, 932 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.). In reviewing the evidence, we must view it in the most favorable light in support of the verdict. *Shook* at 748; *Frost National Bank v. Nicholas & Barrera,* at 932.

■ With respect to future pain and suffering, a review of the record reveals that, approximately 2 years after the assault and battery, appellee continued to experience pain in the area of his body that was injured, namely, his 8th, 9th, and 10th ribs.

Appellee testified that the pain "comes and goes, it all depends. For instance if I'm sitting down, I can be in one position for say 15 or 20 minutes." According to appellee, if he is "driving a car for say forty miles, . . . I have to stop and get out of the car and straighten up. By doing that, the pain will go away. But if I drive another forty or fifty miles, I will get the pain again." Appellee's wife also testified that "sometimes he is sitting down and when he gets up he suddenly goes, 'oh, it hurts'."

We find that the jury's finding of future pain and suffering was supported by the evidence. The trial court erred in disregarding the jury's answer to special issue (8)b. Appellee's cross-point number 1 is sustained.

■ With respect to appellee's cross-point number 2, lost earnings in the past, the question before us is whether there is any evidence of probative value to support the jury's finding of lost earnings from the date of injury to the date of trial. Appellant contends that appellee did not shoulder his burden of proof under either *Bonney v. San Antonio Transit Co.,* 160 Tex. 11, 325 S.W.2d 117 (1959) or *Remuda Oil & Gas Co. v. Nobles,* 613 S.W.2d 312 (Tex.Civ.App.— Fort Worth 1981, no writ). However, we note that both of these cases address a situation where a party seeks damages for impairment of earning capacity. In the case before us, special issue number (8)f specifically inquires about lost earnings in the past, not loss in the past of capacity to earn. There is a difference in the proof required to establish loss of earning capacity and that required to establish lost earnings in the past. *See Bailey v. Merrill,* 582 S.W.2d 489, 491 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.); *Ryan v. Hardin,* 495 S.W.2d 345, 349–350 (Tex.Civ.App.—Austin 1973, no writ).

■ We have reviewed the record before us and find that the only evidence offered by appellee in regards to lost earnings in the past was the following. Prior to his injury, appellee had earned $1100.00 from a body and fender shop which he had opened

approximately three and one-half weeks before. Of this amount, appellee paid his employee $400–$500. Appellee was unemployed from the date of injury, April 20, 1978, until, "sometime in October," when he started working for the Community Agency for Self Help. During the three month period he was employed by this agency, appellee earned $3,437.28, which is also the total wages reflected in his 1978 tax statement. We find that appellee offered no specific evidence or proof of any facts upon which the jury could base an intelligent answer. The jury was left with mere conjecture. Cf. *Kulms v. Jenkins,* 557 S.W.2d 149 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.).

We hold that the evidence that was presented by appellee is legally insufficient to establish or support a jury finding of past lost earnings. *See Ryan v. Hardin, supra.* We overrule appellee's cross-point number 2.

■■■ In point of error number 6, appellant contends the trial court erred in granting judgment in the amount of $335.85, as damages for the assault and battery. He argues that this was the exact amount of medical expenses found by the jury and that since there was no evidence presented at trial to substantiate the fact that the medical bills incurred by appellee were necessary as a result of the injuries made the basis of the lawsuit, that that portion of the judgment should be set aside. It is the rule in Texas that recovery can be had for only those medical expenses which are reasonable and necessary. *Orkin Exterminating Co., Inc. v. Davis,* 620 S.W.2d 734, 737 (Tex. Civ.App.—Dallas 1981, writ ref'd n.r.e.); *Kulms v. Jenkins, supra* at 154. Appellee alleged medical expenses in the sum of $335.85. We note that there was evidence by Ms. Ledesma, the accounts receivable manager of the Dimmit County Hospital, as to the reasonableness of the medical charges. However, there was no evidence showing the need for the treatment rendered. We sustain appellant's point of error number 6. Accordingly, that portion of the judgment allowing appellee recovery of $335.85 is reformed to eliminate the $335.85.

In points of error numbers 1 and 2, appellant complains that the award of $35,000.00 in exemplary damages was excessive and not reasonably proportional to the actual damages sustained. Appellee was awarded actual damages of $335.85 and exemplary damages of $35,000.00 by the trial court. However, as a result of our holding with respect to appellee's cross-point 1 and appellant's point of error number 6, that portion of the judgment is reversed and rendered to reflect actual damages of $2500.00.

■■■ In considering appellant's contention, we must bear in mind the established rule of law that the amount of exemplary damages to be awarded depends on the facts of the particular case and is largely within the discretion of the jury. *First Security Bank & Trust Co. v. Roach,* 493 S.W.2d 612, 619 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.); *Cain v. Fontana,* 423 S.W.2d 134, 139 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.). While the amount of exemplary damages should be reasonably proportional to the actual damages, there can be no set rule or ratio which will be considered reasonable as this determination must depend on the facts of each particular case. *Alamo National Bank et al. v. Kraus,* 616 S.W.2d 908, 910 (Tex.1981); *First Security Bank & Trust Co. v. Roach, supra* at 619. Such amount depends, among other things, upon the nature of the wrong, the character of the conduct involved, the degree of culpability of the wrongdoer, the situation and sensibilities of the parties concerned, and the extent to which such conduct offends a public sense of justice and propriety. *Alamo National Bank et al. v. Kraus,* at 910.

In this case, each party has offered an entirely different version of how the fight, which ensued at the dealership between appellant and appellee and which is the subject of this litigation, started. Appellant's version is that appellee Galvan jumped up and came towards him, attempted to climb over appellant's desk toward appellant and fell backwards to the floor, striking appellant's chair on the way down. Appellee, on

the other hand, contends that after he spoke to appellant at the dealership and as he started to leave, he advised appellant that he was going to seek legal advice. According to appellee, appellant then cursed, hit him on the shoulder, grabbed him from behind, and flipped him over causing him to land on the corner of a desk as a result of which he suffered three fractured ribs.

■ In response to special issues numbers 6 and 9, the jury found that the appellant committed an assault and battery upon the appellee and that he acted maliciously in doing so. Appellant also admitted that he had been involved in a fight with another man, although his recollection was that the other person was the aggressor. This evidence of prior acts was admissible on the issue of exemplary damages. *See Burleson v. Finley,* 581 S.W.2d 304, 307–308 (Tex.Civ. App.—Austin 1979, writ ref'd n.r.e.).

■ In view of the particular facts of this case, and the Texas Supreme Court ruling in *Alamo National Bank, et al. v. Kraus, et al.,* 616 S.W.2d 908 (Tex.1981), upholding an award of $500,000.00 in exemplary damages where the actual damages were $25,803.46, we find the exemplary damages of $35,000.00 awarded by the jury in this case are not excessive and are reasonably proportional to the actual damages of $2500.00. Appellant's points of error number 1 and 2 are overruled.

In point of error number 3 appellant complains the trial court erred in granting judgment for appellee for $35,000.00 in exemplary damages in that it clearly appears from the record that the amount fixed was not the result of a deliberate and conscientious conviction in the minds of the jury and the court.

Appellee interprets point of error number 3 as raising an issue of jury misconduct. Consequently, appellee contends that point of error number 3 should be overruled because appellant has failed to raise this issue in a motion for new trial as required under Tex.R.Civ.P. 324. Rule 324 reads in pertinent part: "... it shall be necessary to file a motion for new trial in order to present a complaint ... such as one of jury misconduct." We do not agree with appellee that the issue raised in point of error number 3 is one of jury misconduct.

In our opinion, appellant's claim under point of error number 3, is that the jury failed to properly consider the evidence before it. That being the case, we will consider point of error number 3 along with points of error numbers 4 and 5.

■ In points of error numbers 4 and 5, respectively, appellant complains that the trial court erred in granting $35,000.00 in exemplary damages because it was clear that the jury in reaching its verdict ignored the undisputed facts and failed to appreciate and fully apply the testimony as to the question of appellant's liability. The court of appeals will not presume that the jury, in answering special issues submitted to them, ignored evidence before them. *Sam White Oldsmobile Co. v. Jones Apothecary, Inc., et al.,* 337 S.W.2d 834, 840 (Tex.Civ.App.— Houston 1960, writ ref'd n.r.e.). Points of error numbers 3, 4, and 5 are overruled.

In cross-point number 3, appellee alleges the trial court erred in granting appellant's motion to disregard the answers to special issues 1 thru 5. Appellant's Motion to Disregard Jury Findings with respect to special issues 1 thru 5 reads in pertinent part:

> The court should disregard the jury's answers to Special Issues Numbers 1, 2, 3, 4, & 5(a). (sic) In that there was no evidence to support the submission of said issues to the jury....

The judgment of the trial court will be upheld only if there is no evidence to support the jury's findings or if the special issues were supported by the evidence, they are immaterial. *Frost National Bank v. Nicholas & Barrera, supra* at 932.

Appellant argues that there was no proof to support a recovery under these special issues because appellee did not own the automobile and the damages to the automobile were not caused by any goods or services which were purchased or leased. Appellee contends that since appellant did not challenge in any way appellee's capacity to

bring suit concerning his wife's transaction with appellant, as required by Tex.R.Civ.P. 93(c) and (e), such complaint has been abandoned. Rule 93(c) requires that a denial of plaintiff's right to recover in the capacity in which he sues be affirmatively pleaded and verified by affidavit. However, it would only become necessary for appellant to deny appellee's capacity under Rule 93(c) if appellee were seeking recovery in a representative capacity. *See Brans v. Office Building Managers, Inc.* 593 S.W.2d 414, 415 (Tex.Civ.App.—Dallas 1980, no writ). We have reviewed the pleadings on file, and find that appellee went to trial on his First Amended Original Petition. This pleading shows appellee as the only named plaintiff.[1] It does not reflect that appellee is suing in any representative capacity.

Appellee further argues that it was proper for him to prosecute the lawsuit on behalf of the marital community without the wife's joinder and cites *Cooper v. Texas Gulf Industries, Inc.,* 513 S.W.2d 200 (Tex. 1974) for this proposition. However, appellee has misinterpreted *Cooper.* The court in *Cooper* held that "the doctrine of virtual representation was abolished by the new Family Code." *Cooper* at 202.

■ In any event, we agree with appellee as stated in his Motion for Leave to File Trial Amendment, that "the evidence admitted at the trial conclusively established that the automobile in question was the separate property of Mrs. Galvan." The testimony adduced at trial reveals that title to the automobile was in Amanda Galvan's name and that it was a gift to her from the appellee himself, thus making it Mrs. Galvan's separate property. *See Contreras v. Contreras,* 590 S.W.2d 218, 220 (Tex.Civ. App.—Tyler 1979, no writ). Thus, it is our opinion that even if there is any evidence to support the jury's findings to special issues 1 thru 5, they are immaterial for appellee could not recover for his wife's separate property. Appellee's cross-point number 3 is overruled.

---

1. Appellee did not attempt to amend his pleadings to add his wife, Amanda Galvan as a plaintiff, until after the jury had returned its

That portion of the judgment of the trial court disregarding the finding of the jury to special issue 8(b) of $2500.00 for future pain and suffering is reversed and judgment is rendered for appellee in the sum of $2500.00 in accordance with the jury verdict. That portion of the judgment allowing appellee recovery of $335.85 is reversed and rendered that appellee be awarded no medical expenses. The remaining portion of the judgment is affirmed.

verdict. The trial court denied appellee's trial amendment.