**T.J. ALLEN DISTRIBUTING CO. et al., Appellants,**

v.

**Ray LEATHERWOOD, et al., Appellees.**

No. 09 82 002 CV.

Court of Appeals of Texas, Beaumont.

March 10, 1983.

Rehearing Denied March 31, 1983.

John D. Rienstra, Jr., Beaumont, for appellants.

Richard Clarkson, Beaumont, for appellees.

## OPINION

CLAYTON, Justice.

Appellees, Ray Leatherwood and D.J. Stelly, filed this suit for personal injuries against appellants, T.J. Allen Distributing Company, Inc., Sabine Valley Bottling Company, and Jack Rupp, arising from an automobile accident. Appellants stipulated liability and only damage issues were submitted to the jury. Based upon the jury verdict, judgment was entered for Leatherwood in the amount of $35,000 for his injuries, and Stelly was awarded $75,000 for his injuries.

The damage issue submitted as to Stelly's injuries contained the following instructions:

"You must consider the following elements of damage, if any, and none other:

"a. Physical pain and mental anguish in the past.

"b. Physical pain and mental anguish which, in reasonable probability, he will suffer in the future.

"c. Loss of earnings in the past.

"d. Loss of earning capacity which, in reasonable probability, he will sustain in the future.

"Answer in dollars and cents, if any.

"ANSWER: $75,000.00"

Appellants' first point complains of error in overruling their objection to that portion of the charge wherein "loss of earnings in the past" was submitted, on the grounds of "no evidence" to support the submission thereof. In considering this "no evidence" point we must consider only the evidence and inferences from the evidence which support the jury finding and disregard all evidence and inferences to the contrary. *Elliott v. Great National Life Insurance Company,* 611 S.W.2d 620 (Tex.1981).

The proper measure of damages in a personal injury case is not loss of earnings in the past, but rather is diminished earning capacity. *Bailey v. Merrill,* 582 S.W.2d 489 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.); *Dallas Railway and Terminal Co. v. Guthrie,* 146 Tex. 585, 210 S.W.2d 550 (1948). However, appellants made no objections to this improper measure of damages and do not now contend the element of damage should have been submitted in terms of diminished earning capacity.

Stelly was engaged in the business of selling "produce to cafes and restaurants and stores—lettuce, tomatoes and onions and potatoes." He had been so engaged for several years. He did not receive a salary from such business. His source of income from such business was derived from the profits of such business. This record is completely void as to the profits, or even gross income, derived from such business. There is no proof of Stelly's earnings either before or after the accident. There is no evidence as to any change in his earnings as a result of the accident.

Stelly operated the business by himself and did not need anyone to help him. From the date of his accident to the date of trial he employed one man to assist him, and this additional employee was necessary because of Stelly's injury. It is uncontroverted that this employee was paid the sum of $14,883.50 for his services during such period. Stelly now contends this expenditure constitutes proof of his "loss of earnings." We do not agree. As previously pointed out, Stelly's earnings or income was derived solely

from the net profits of the business. The amount paid to this employee would be an increased overhead expense which would affect Stelly's profit derived from the operation of his business. There is no proof of any such profits before or after the accident.

■ Appellee's burden in proving loss of earnings is greater than proving diminished earning capacity. *Bailey v. Merrill,* supra. *Ryan v. Hardin,* 495 S.W.2d 345, 349–350 (Tex.Civ.App.—Austin 1973, no writ).

Where a plaintiff seeks special damages for loss of earning capacity in a particular business or profession, the amount of his earnings or the value of his services must be shown with reasonable certainty. *Ryan v. Hardin,* supra; *Rubner v. Kennedy,* 417 S.W.2d 860 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.).

Based upon the appropriate standard of review, we hold there is no evidence of probative value to support any finding of loss of past earnings. This point is sustained.

To sustain this "no evidence" point requires a rendition of a take nothing judgment as to the element of damages on loss of past earnings. In this general verdict of $75,000 for Stelly's injuries, the element of past earnings, under the court's instructions, was considered by the jury and, in the absence of any evidence to support the same, would result in a remand. However, Stelly, in the event we sustain the "no evidence" point, has requested this Court to order a remittitur of $14,883.50, being the exact amount of the expenses of an additional employee. This sum is the only amount of expenses in the record. The jury had no other such evidence before it, and Stelly assumes, in making this request for remittitur, that the jury included this entire amount in the general verdict of $75,000. We accept this offer of remittitur and reduce the $75,000 award for personal injuries by such amount. See *Moore v. Grantham,* 599 S.W.2d 287 (Tex.1980); *Dye v. Western Fire and Indemnity Co.,* 426 S.W.2d 209 (Tex.1968).

Appellants, in their third and fourth points of error, challenge the jury's findings on damages for Stelly and Leatherwood as being "grossly excessive and was the result of passion and prejudice on the part of the jury. . . ."

■ The burden of establishing that the jury's evaluation of damages is erroneous is upon the appellant. *City of Austin v. Selter,* 415 S.W.2d 489, 502 (Tex.Civ.App.—Austin 1967, writ ref'd n.r.e.).

■ In determining whether a verdict is "excessive" the courts must review only the evidence favorable to the award, and the findings of the jury thereon will not be disturbed on grounds of "excessiveness" if there is any evidence to sustain the award. *Hammond v. Stricklen,* 498 S.W.2d 356 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.). The *Hammond* case states the rules applicable to "excessive" verdicts:

"[The courts] will not merely interfere and substitute their judgments, nor is it material that the courts might have awarded a lesser sum as fact finders; there must be some circumstantial indication of bias or prejudice; matters of pain, suffering, and general damages are pecularily [sic] within the discretion of the jury; and in the absence of an affirmative showing of bias or prejudice the courts of civil appeals will give every intendment to the evidence supporting the verdict." (at 363, citations omitted)

■ We have carefully reviewed the record in this case as to Stelly's and Leatherwood's damages as found by the jury. Applying the applicable standard of review, we do not find that Stelly's damages are excessive. Moreover, we have ordered a remittitur of $14,883.50 as pointed out in our disposition of appellants' first point. Based upon the same standard of review, we do not find Leatherwood's damages are excessive. These points are overruled.

The judgment awarding Stelly the sum of $75,000 for personal injuries is reduced by the sum of $14,883.50 and is reformed so as to award Stelly the sum of $60,116.50 for his injuries, and as so reformed, the judg-

ment as to Stelly is affirmed. The judgment as to Leatherwood is affirmed.

BROOKSHIRE, J., not participating.