**RIVER OAKS TOWNHOMES OWNERS' ASSOCIATION, INC. and Brazos Management Company, Appellants,**

v.

**John R. BUNT, Appellee.**

**No. B14–85–179–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 20, 1986.

Rehearing Denied May 22, 1986.

Thomas E. Bartley, Houston, for appellants.

James R. Moriarty, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellee recovered damages for the towing of his two Corvettes from parking spaces in his townhouse complex. Both cars were towed three times, twice at the direction of Brazos Management Company and once at the request of another townhome owner. Appellee alleged violations of the Deceptive Trade Practices Act (DTPA) and of article 6701g–2, which delineates procedures for removing unauthorized vehicles. After a trial to the court, it ruled for appellee under both theories. In nineteen points of error, appellants contest the judgment contending that (1) appellee failed to establish his right to recovery under either statute, (2) the awards for damages and attorneys' fees were erroneous, and (3) the trial court did not give appellants an opportunity to present their case. We reverse in part and affirm in part.

■ Appellants' second point of error contends there is no evidence to support appellee's status as a "consumer" under the DTPA. Under the DTPA, the plaintiff has the burden to prove all elements of his cause of action including that he was a consumer. *Reed v. Israel National Oil Co.*, 681 S.W.2d 228, 234 (Tex.App.—Houston [1st Dist.] 1984, no writ). Consequently, appellee needed to prove that he sought or acquired goods or services by purchase or lease. *See Cameron v. Terrel & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex.1981); *Martin v. Lou Poliquin Enterprises, Inc.*, 696 S.W.2d 180, 183 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) (en banc).

Appellee's recovery was based on the theory that he purchased parking facility management services from appellants. As a townhome owner, appellee was subject to the Condominium Declarations of the River Oaks Townhomes. These declarations require payment of a maintenance fee, part of which is used to fund the management of the parking areas. Assuming that the payment of fees constitutes the "purchase" of a service for DTPA purposes, it is still critical that appellee prove that he sought or acquired this service in order to create the DTPA cause of action. *See Martin v. Lou Poliquin Enterprises, Inc.*, 696 S.W.2d at 183. The record is totally devoid of proof of this critical fact. No documentary evidence was introduced proving payment, nor did appellee testify that he paid the fees. Appellee did not sustain his burden of proving his consumer status under the DTPA, and the portion of the judgment relating thereto is reversed. Having sustained appellants' second point of error, it is unnecessary to discuss appellants' points of error one, three, four, five and six, which attack the DTPA cause of action.

■ Appellants' seventh, eighth and ninth points of error challenge the granting of judgment under article 6701g–2. *See* Tex.Rev.Civ.Stat.Ann. art. 6701g–2 (Vernon Supp.1986). This article sets out the conditions under which a parking facility owner may tow vehicles. Appellants admit their status as a parking facility owner, but argue that the statute is inapplicable because neither of the Corvettes was a "vehicle" under this Act. "Vehicle" is defined as, "every kind of device in, upon, or by which any person or property is or may be transported or drawn on a public highway...." Tex.Rev.Civ.Stat.Ann. art. 6701g–2 § 1(e) (Vernon Supp. 1986). Appellants suggest that because the two Corvettes were inoperable, they could not be classified as "vehicles." The record indicates, however, that appellee's 1960 Corvette was capable of being driven at the time of the towings. Appellee did stipulate that his 1977 Corvette was inoperable. However, we do not read article 6701g–2 as requiring that a car be presently driveable

to be a "vehicle." The definition specifically includes devices that *may be* used for transportation. The 1977 Corvette frame is within that classification.

Appellants also argue that because neither car had current registration or inspection stickers, they were not capable of being operated on public highways, and therefore not within the article 6701g–2 "vehicle" definition. *See* Tex.Rev.Civ.Stat. Ann. arts. 6675b–1, 6701d §§ 140–42 (Vernon 1977 & Supp.1986). Neither statute, however, provides that without registration or inspection stickers the devices cease to be vehicles. Appellants' seventh point of error is overruled.

█ Article 6701g–2 permits a parking facility owner to tow a car in three situations. One of these is where the owner of the unauthorized vehicle "has actually received notice" from the facility owner that the vehicle will be towed if it is not removed. In their eighth point of error, appellants claim that "the trial court erred in rendering judgment against appellants under article 6701g–2 based upon appellants' supposed failure to provide notice to appellee." Neither the point of error nor the argument distinguishes whether this is a *no* evidence or an insufficient evidence point. However, appellants' argument fails under both standards.

Appellants argue that the condominium rules provided the necessary notice required by the statute and are essentially equivalent to posted signs. Under Article 6701g–2, the placement of signs gives a parking facility owner a right to tow only when the signs are visibly posted. Tex. Rev.Civ.Stat.Ann. art. 6701g–2 § 2(a)(i) (Vernon Supp.1986). Here there is no evidence that any signs existed or were posted.

Furthermore, article 6701g–2 § 2(a)(ii) specifically requires that a vehicle owner actually *receive* notice. Knowledge of a condominium rule does not amount to a receipt of notice. There is no evidence that appellee received any other notice except that appellants claimed they sent a letter advising of their intent to tow. Appellee

testified that he did not receive that letter. The trial court was the judge of the credibility of the witnesses and the weight to be given to their testimony. *See Morgan v. Morgan,* 657 S.W.2d 484, 490 (Tex.App.— Houston [1st. Dist.] 1983, writ dism'd). The court's conclusion was supported by sufficient evidence. Appellants' eighth point of error is overruled. *See Ogle v. Enterprises Ltd.,* 538 S.W.2d 175, 177 (Tex. Civ.App.—Dallas 1976, no writ).

█ In their ninth point of error, appellants contend the judgment under article 6701g–2 was erroneous because there was no finding that the towings were the proximate cause of appellee's damages. Section 7 of article 6701g–2 states that a parking facility owner who violates the Act is liable for damages arising out of removal or storage, but that *negligence need not be proven.* Accordingly, a finding of proximate cause is unnecessary. There was sufficient evidence that there were damages. The court so found in findings of fact twelve and thirteen which were unchallenged. Appellants' ninth point of error is overruled.

█ In point of error ten, appellants contend recovery is improper because appellee did not prove ownership of the 1960 Corvette. Appellants presented evidence that they traced ownership of the 1960 Corvette through its vehicle identification number. Appellee testified that he owned the car and that the vehicle identification number was available only if one cut through the floorboard of the car. None of appellants' witnesses claimed that they did this. Clearly, there was a conflict in testimony. Again, the trial court is the judge of the credibility of the witnesses and the weight to be given their testimony. There was evidence to support a finding of ownership by appellee. *Ogle v. Enterprises Ltd.,* 538 S.W.2d at 177. Point of error ten is overruled.

█ In points of error eleven through fourteen, appellants contend there was either no evidence or insufficient evidence to support the award of $100 for damages to

the 1977 Corvette frame because the only evidence supporting the award was appellee's own testimony, and it made no reference to *market* value. They argue that *Porras v. Craig* requires that an owner relate damages to *market* value to qualify as a witness. *Porras v. Craig*, 675 S.W.2d 503 (Tex.1984) (Wallace, Kilgarlin, dissenting). *Porras* is not controlling. It involved damages to *real* property and the owner's testimony showed that he referred to personal value rather than market value.

The controlling rule is found in *Tom Benson Chevrolet, Inc. v. Alvarado*, 636 S.W.2d 815, 823 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.). *See also Southwest Craft Center v. Heilner*, 670 S.W.2d 651, 654–5 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). The *Alvarado* case holds that an owner need not testify specifically as to "reasonable market value", but rather testimony as to the car's *value* and *worth* is sufficient. Here appellee testified that he had been buying and selling Corvettes for fifteen years and that he estimated that the value of the 1977 Corvette frame decreased by $1,000 after the first towing. This testimony was sufficient to allow the court to reach its award for damages. Appellants' eleventh and twelfth points of error are overruled.

■ Appellants next suggest that the court erred in awarding damages for the towing charges. This award will not be set aside if there is any probative evidence to support it. *See Little v. Linder*, 651 S.W.2d 895, 900 (Tex.App.—Tyler 1983, writ ref'd n.r.e.). The record contains receipts of all of the towing charges and they support the trial court's findings. Appellants' thirteenth point of error is overruled.

■ Point of error fourteen questions the award to appellee of $1,250 for lost income. Lost earnings must be shown with reasonable certainty. *Bailey v. Merrill*, 582 S.W.2d 489, 491 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.). In *Bailey*, the plaintiff was an independent contractor who testified that he had turned down a number of jobs but offered no proof of the type of job, the cost or the

anticipated profit. The Beaumont court held there was no evidence to support a finding of lost earnings. Here, appellee testified that at the time in question he was self-employed as an engineering consultant. He stated that he missed five days of work at $250 per day. However, he presented neither a record of his income nor a basis to determine the amount he earned while self-employed. Without any supportive evidence, the mere allegation that he made $250 per day is not sufficient to support a finding of loss of earnings. Appellants' fourteenth point of error is sustained.

■ In their fifteenth, sixteenth and seventeenth points of error, appellants challenge the award of attorneys' fees. They first argue that since recovery was improper under the DTPA and article 6701g–2, attorney's fees are similarly improper. While we have sustained appellants' challenge to the DTPA, we have upheld the article 6701g–2 recovery. That article provides for attorney's fees. The award is, therefore, permissible. Tex.Rev. Civ.Stat.Ann. art. 6701g–2 § 7(b) (Vernon Supp.1986).

Appellants also complain that appellee did not establish that the fees were "necessary" as required by the DTPA. *See* Tex. Bus. & Comm.Code Ann. § 17.50(d) (Vernon Supp.1986). Article 6701g–2, under which the award is made, does not require proof that the fees were "necessary," but rather only that they were "reasonable."

Finally, appellants suggest that $7,500 in attorney's fees is excessive. There is evidence to sustain the reasonableness of the award. *See Jack Roach Ford v. De Urdanavia*, 659 S.W.2d 725, 730 (Tex.App.—Houston [14th Dist.] 1983, no writ). Appellants' fifteenth, sixteenth and seventeenth points of error are overruled.

■ In their two remaining points of error, appellants contend they were denied the opportunity to present their case. The statement of facts reflects that after appellee rested, appellants made an oral motion for judgment. The court stated that he

would not rule on the motion until he received a brief and that such brief was due on December 26. He further stated that if he did not grant the motion, he would reconvene so appellants could call their one witness. The docket sheet indicates that on January 2, the judge ruled for appellee with a judgment to follow. The next day appellants' attorney objected to the rendition of a verdict until he had " 'finished' his case." The following day the court told the attorney he had until 9:00 a.m. on January 8 to indicate he wanted to reopen, and the verdict was abated until then. The next entry was made on January 9 and stated that since the January 8 deadline passed with no word from appellants' attorney, appellants were deemed to have rested and closed as of January 8, and the verdict was final as of January 9.

Appellants now suggest that the judgment was final on January 2 when the judge first announced there was a "judgment for plaintiff." They then argue that they were denied their fundamental right to present their case. *See Turcotte v. Trevino*, 499 S.W.2d 705, 723 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.). The court gave appellants more than ample opportunity to indicate that they wanted to reopen the case. The judgment was as of January 9. Appellants' eighteenth and nineteenth points over error are overruled.

The judgment is affirmed except that: (1) appellee is not entitled to the award of $1,250 for lost wages; and (2) appellee's damages of $623 are not to be trebled as the judgment under the DTPA is reversed.