# ELINOR HALPERN *v.* BOARD OF EDUCATION OF THE CITY OF BRISTOL
## (SC 15661)

Callahan, C. J., and Borden, Berdon, Palmer and McDonald, Js.

Argued November 4—officially released December 30, 1997

*Jon L. Schoenhorn,* with whom, on the brief, was *Alice M. Sexton,* for the appellant (plaintiff).

*Brian Clemow,* with whom, on the brief, was *Karen H. Simmonds,* for the appellee (defendant).

### Opinion

PER CURIAM. This case had its genesis more than twenty-three years ago. The facts and procedural history are recited in three previous opinions of this court as well as in the trial court's present memorandum of decision.[1] The plaintiff, Elinor Lee Halpern, was a

---

[1] *Lee* v. *Board of Education,* 181 Conn. 69, 434 A.2d 333 (1980); *Halpern* v. *Board of Education,* 196 Conn. 647, 495 A.2d 264 (1985) (see footnote 3 of this opinion); *Halpern* v. *Board of Education,* 231 Conn. 308, 649 A.2d 534 (1994); *Halpern* v. *Board of Education,* 45 Conn. Sup. 171, 706 A.2d 1011 (1997).

tenured teacher employed by the defendant, the board of education of the city of Bristol (board). In 1974, the plaintiff's employment contract was terminated for cause by the board after a constitutionally sufficient hearing.[2] The board did not, however, issue a written decision, nor did it set out in writing the reasons for its decision or provide a written summary of the evidence upon which it relied. This court, on an appeal from a judgment of the Court of Common Pleas dismissing the plaintiff's appeal from the board's decision, concluded that the lack of a written decision containing the reason for the decision and a summary of the evidence relied upon constituted a due process violation. *Lee* v. *Board of Education*, 181 Conn. 69, 79, 434 A.2d 333 (1980). We, therefore, set aside the trial court's judgment and remanded the case with direction that it be returned to the board for further proceedings. Id., 84. The board thereafter met and reviewed the record. It affirmed the decision to terminate the plaintiff's employment and issued a statement in compliance with this court's mandate. On the plaintiff's subsequent appeal from the trial court's judgment affirming the board's decision, we concluded that the board's failure to hold another hearing, allowing the plaintiff an opportunity to rebut the board's findings and conclusions, was a violation of the plaintiff's right to due process. *Halpern* v. *Board of Education*, 231 Conn. 308, 649 A.2d 534 (1994).[3] We issued an explicit order detailing the requirements the board

[2] In *Halpern* v. *Board of Education*, 231 Conn. 308, 312, 649 A.2d 534 (1994), we reiterated our conclusions that the hearing itself was constitutionally sufficient, and that only the lack of an adequate written statement of findings and conclusions raised the issue of due process violations.

[3] During the intervening period between our decisions in *Lee* v. *Board of Education*, supra, 181 Conn. 69, in 1980 and in *Halpern* v. *Board of Education*, supra, 231 Conn. 308, in 1994, there was another appeal from the trial court's judgment dismissing, on the ground of a prior pending action, a separate action seeking a writ of mandamus and other relief. The trial court's judgment of dismissal was affirmed by this court. *Halpern* v. *Board of Education*, 196 Conn. 647, 495 A.2d 264 (1985).

was to follow on remand. Id., 314–15. The present appeal stems from the board's hearing held in compliance with that remand.

Pursuant to our order, the board adopted proposed findings and conclusions and provided a copy to the plaintiff. After properly notifying the parties, the board held a hearing to allow the plaintiff an opportunity to present a rebuttal. The board did not provide for recording or transcription of the hearing and, after allowing two hours for the plaintiff's rebuttal, the board terminated her argument. Upon seeking additional comments on the matter and hearing none, the board voted unanimously to adopt its proposed findings and conclusions. The plaintiff appealed from the board's decision to the trial court. In a lengthy memorandum of decision, the trial court affirmed the decision of the board. The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

The four issues raised on this appeal are whether the trial court properly determined that: (1) the board was not required to provide for recording or transcription of the plaintiff's rebuttal argument pursuant to General Statutes (Rev. to 1995) § 10-151 (d) and (f); (2) the board's decision to terminate the plaintiff's oral argument after two hours was not unreasonable or prejudicial; (3) there was a sufficient factual basis in the record to support the board's findings; and (4) the plaintiff's claim of bias by the board is not supported by the evidence.

Our examination of the record, and our review of the briefs and arguments of the parties on appeal persuades us that the judgment of the trial court should be affirmed. The central issue of the constitutional adequacy of the plaintiff's opportunity to present a rebuttal

to the proposed findings and conclusions at a hearing before the board was resolved properly in the trial court's thoughtful and comprehensive memorandum of decision. *Halpern* v. *Board of Education,* 45 Conn. Sup. 171, 706 A.2d 1011 (1997). Because that memorandum of decision fully addresses the arguments raised in the present appeal, we adopt it as a proper statement of the facts and the applicable law on those issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Molnar* v. *Administrator, Unemployment Compensation Act,* 239 Conn. 233, 235, 685 A.2d 1107 (1996); *Val-Pak of Central Connecticut North, Inc.* v. *Commissioner of Revenue Services,* 235 Conn. 737, 740, 669 A.2d 1211 (1996).

The judgment is affirmed.