STANLEY RAFALOWSKI ET AL. *v.* OLD COUNTY ROAD, INC.
(SC 15859)

Callahan, C. J., and Berdon, Katz, McDonald and Peters, Js.

Argued March 25—officially released July 21, 1998

---

*Edward M. Rosenthal*, for the appellants (named plaintiff et al.).

*John A. Wall*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiffs, owners of nonresidential condominium units in a nonresidential condominium community known as Old County Industrial Park Lot No. 5-6 (community),[1] brought suit in an eighteen count complaint against the defendant,[2] Old County Road, Inc., the developer and declarant of the community. The trial court found in favor of the defendant on sixteen of the eighteen counts and in favor of the plaintiffs on two counts. The plaintiffs appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023, now § 65-1, and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

The record reveals the following facts. The community was established by a declaration, which was filed in the land records office of the town of Windsor Locks on June 22, 1989. The declaration also created the Old

---

subsequent jurisprudence. See *Ambroise* v. *William Raveis Real Estate, Inc.*, supra, 226 Conn. 762–63.

[1] The plaintiffs are Stanley Rafalowski, Robert Lemanski and Steven Tripp.

[2] Old County Road, Inc., is a corporation jointly owned by Gary Peirce and Gene Simmons.

County Industrial Park Lot No. 5-6 Association (association). The owners, officers and employees of the defendant were the sole officers of the association at all relevant times and were the sole members of the association's executive board until March, 1995. The community consists of one building of approximately 50,888 square feet containing sixteen units. The defendant owned several units, which constituted the majority of the square footage. Some of the units owned by the defendant were not finished.[3] The defendant, as declarant, was entitled to control of the association's executive board, and, accordingly, was entitled to manage the community, including setting the budget and the assessment rate.[4] In carrying out this responsibility, the defendant established an assessment rate of $1.01 per square foot for finished units and fifty cents per square foot for unfinished units.

In their amended complaint, the plaintiffs alleged various acts of mismanagement by the defendant including breaches of its fiduciary duty, the failure to pay the full amount of the proper assessment on units it owned, and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. Of the sixteen counts resolved in favor of the defendant, most were related to various allegations of mismanagement that are not raised in this appeal. Of specific relevance to this appeal, however, are the court's conclusions, in favor of the defendant, that management of the association did not constitute trade or commerce within the meaning of CUTPA and that neither the association by-laws nor the laws of this state prohibited the defendant from establishing different assessments for finished and

[3] An unfinished unit is one that has not been completely fitted with ceilings, floors, electricity and plumbing. The defendant also owned and leased some finished units.

[4] The assessment rate is that which is payable to the association as a monthly fee by the owner of each unit and is based on the number of square feet owned.

unfinished units. The court also concluded, in favor of the plaintiffs, that the defendant had breached its fiduciary duty by collecting money for common expense reserves, but failing to establish a reserve account, and that the defendant had failed to hold annual meetings pursuant to the requirements of the association's by-laws. The court declined to provide injunctive relief, however, concluding that the plaintiffs had not proved that they were harmed by the breach. The court awarded only nominal damages on the two counts that it resolved in the plaintiffs' favor.[5]

In this appeal, the plaintiffs claim that the trial court improperly concluded that: (1) the defendant, as majority owner, was entitled, even without express authorization in the declaration or by-laws, to establish a lesser assessment rate for its own units than that payable by the minority owners; (2) the defendant had paid its full assessment to the association; (3) the activities of the defendant in managing a condominium association do not constitute trade or commerce within the meaning of General Statutes § 42-110b; and (4) the plaintiffs were not entitled to injunctive relief because they had not demonstrated irreparable harm or the absence of an adequate remedy at law.

Our examination of the record and the briefs and arguments of the parties on appeal persuades us that the judgment of the trial court should be affirmed. The central issues of the applicability of CUTPA, the amount and payment of assessments by the defendant, and the propriety of injunctive relief were resolved properly in the trial court's thoughtful and comprehensive memorandum of decision. *Rafalowski* v. *Old County Road,*

---

[5] The court concluded that the money charged for the reserve account had been repaid and that the plaintiffs had not shown that the failure to comply with the meeting schedule of the by-laws had caused them harm or financial damage. It awarded the plaintiffs nominal damages in the amount of $1 on each of these two counts.

*Inc.*, 45 Conn. Sup. 341, 719 A.2d 84 (1997). Because that memorandum of decision fully addresses the arguments raised in the present appeal, we adopt it as a proper statement of the facts and the applicable law on those issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Halpern* v. *Board of Education*, 243 Conn. 435, 438, 703 A.2d 1144 (1997); *Molnar* v. *Administrator, Unemployment Compensation Act*, 239 Conn. 233, 235, 685 A.2d 1107 (1996).

The judgment is affirmed.