**W.M. RIDDICK, Appellant,**

v.

**QUAIL HARBOR CONDOMINIUM ASSOCIATION, INC., Appellee.**

No. 14–97–00820–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 28, 1999.

Rehearing Overruled Dec. 16, 1999.

William S.Chesney, III, Houston, for appellants.

Teri A. Walter, Craig Von Sternberg, Houston, for appellees.

Panel consists of Justices DRAUGHN, LEE, and HUTSON–DUNN.*

## OPINION

D. CAMILLE HUTSON–DUNN, Justice (Assigned).

W.M. Riddick, appellant, appeals from a partial summary judgment, a take nothing jury verdict, and an award of attorney's fees in favor of appellee, Quail Harbor Condominium Association, Inc. In four issues, appellant contends: (1) the trial court erred in entering a partial summary judgment in favor of appellee, (2) the jury charge was defective, (3) the evidence is legally and factually insufficient to support the jury findings, and (4) the trial court improperly awarded attorney's fees to appellee. In a fifth issue, appellant states that his original proposed jury charge submitted to the trial court has been lost or destroyed, and he will supplement his brief to address this issue. We reverse that part of the trial court's judgment awarding appellee its attorney's fees, and render judgment that appellee take nothing. We affirm the remainder of the trial court's judgment.

* Senior Justices Joe L. Draughn, Norman Lee, and D. Camille Hutson–Dunn sitting by assignment.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

**A. Facts.** Appellant purchased unit 1005, a one-story condominium from appellee in 1987. The slab foundation of appellant's condominium rests on a clay and loam soil that expands when it's wet and shrinks when it's dry. The shifting soil caused the foundation to move, and the resulting movement of the foundation caused cracks in the interior and exterior walls of appellant's unit.

The operations of the condominium association were controlled by the Condominium Declaration for Quail Harbor (declaration). By the terms of the declaration, appellant owned only the inner finished surfaces and the interior walls, floors, ceilings, doors, and windows. The declaration provided that appellant, as an "owner," was responsible for the repairs and maintenance of the interior plus all utilities, accessories, equipment, and fixtures belonging to the unit. Under the terms of the declaration, the foundation, roof, exterior of the unit, and the land underneath the unit were designated as the "common elements," which were owned jointly by all of the owners of the units in the condominium regime. Appellant owned a 1.0779% undivided interest in the "common elements." Only the association was authorized to perform maintenance and repairs on the common elements.

After receiving appellant's initial complaint, in September 1988, appellee hired Peverly Engineering (Peverly) to investigate the problems. In their first report in 1988, Peverly recommended removal of surrounding trees that were draining the soil of water and installation of an automatic soaker system to keep the soil at a constant moisture level. In 1990, Peverly recommended continuance of the watering to stabilize the foundations. Peverly noted improvement in 1992, and again recommended continued watering. Peverly also inspected appellant's unit in September 1992, and noted that there was improvement in the problem.

**B. Procedural Background.** Appellee filed a motion for summary judgment, and appellant did not file a response. In March 1995, the trial court granted a partial summary judgment as to appellant's deceptive trade practices claim (DTPA) and declaratory judgment action without specifying the grounds. In September 1996, the remaining issues were tried, and the jury entered a take nothing verdict on all of appellant's causes of actions. While the jury was deliberating, the trial court heard evidence on the reasonableness of attorney's fees from both sides. Thereafter, at a hearing on appellee's motion for judgment, the trial court heard argument on appellee's counterclaim for attorney's fees. In its fourth amended original answer, appellee counterclaimed for attorney's fees under section 17.50(c), Texas Business and Commerce Code, alleging that appellant's suit for damages under DTPA was groundless, brought in bad faith, and for purposes of harassment. The trial court found that appellant's DTPA claim was groundless and brought in bad faith, and that $22,558.80 was reasonable for appellee's attorney's fees incurred in the defense of appellant's DTPA claim. Judgment was entered that appellant take nothing, and that appellee's recover their attorney's fees in the sum of $22,558.80 for appellant's groundless DTPA claim, plus prejudgment and post-judgment interest. Thereafter, appellant filed a request for findings of fact and conclusions of law. No findings or conclusions were filed by the trial court.

## II. THE PARTIAL SUMMARY JUDGMENT.

In his first issue, appellant contends the trial court erred in granting a partial summary judgment in favor of appellee as to appellant's DTPA action and declaratory judgment claim. Appellee moved for summary judgment on appellant's DTPA claim on three grounds: (1) appellant was not a consumer; (2) appellee made no representations to appellant; and (3) appellant's claim was barred by the two-year statute

of limitations. As to the declaratory judgment action, appellee's grounds were: (1) declaratory judgment was inappropriate because appellant's claim was mature and enforceable in the pending suit, and (2) appellant did not join other co-owners who had a claim or interest under § 37.006(a), Texas Civil Practice and Remedies Code. Appellant did not respond, and the trial court granted appellee's motion for summary judgment as to appellant's DTPA and declaratory judgment claims only.

**A. Standard of Review.** In order to prevail on summary judgment, the movant must disprove at least one of the essential elements of each of the plaintiff's causes of action. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991). This burden requires the movant to show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). In determining whether a material fact issue exists to preclude summary judgment, evidence favoring the nonmovant is taken as true, and all reasonable inferences are indulged in favor of the nonmovant. *Id.; see also Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 477 (Tex.1995). Any doubt is resolved in favor of the nonmovant. *Nixon,* 690 S.W.2d at 548–49; *see also Doe,* 907 S.W.2d at 477.

A summary judgment may be affirmed on any of the movant's theories which has merit. *See Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 627 (Tex.1996). Appellate courts should consider all grounds for summary judgment the movant presented to the trial court when properly preserved for appeal. *Id.* at 625.

■ **B. Discussion of the DTPA claim.** Because the trial court did not specify the grounds on which it granted the summary judgment motion, we will consider all grounds presented by appellee. Because appellant failed to respond to appellee's motion for summary judgment, he is limited on appeal to our review of the legal sufficiency of appellee's grounds for summary judgment. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678–79 (Tex.1979).

■ **1. Appellant's consumer status.** One of the grounds asserted by appellee in its motion for summary judgment was appellant was not a "consumer." " 'Consumer' " means an individual, partnership, corporation ... who seeks or acquires by purchase or lease, any goods or services...." TEX. BUS.& COM § 17.45(d) (Vernon 1987 & Supp.1999). Appellant cites *River Oaks Townhomes Owners' Association, Inc. v. Bunt,* 712 S.W.2d 529 (Tex.App.-Houston[14th Dist.] 1986, writ ref'd n.r.e.) as authority for the proposition that payment of monthly maintenance fees constituted a "purchase" under the DTPA. *River Oaks Townhomes Owners' Assn.* did not decide the issue, and is not authority for appellant's contention that his payment of appellee's mandatory maintenance fees was a "purchase" that made him a "consumer." *Id.* at 531. In that case, this court did not decide the issue because appellee had not proved he "sought or acquired" a service. Neither appellant nor appellee cite any Texas authority on this point, and we find none.

■ To establish DTPA consumer status, a plaintiff must have sought or acquired goods or services by purchase or lease, and the goods or services purchased or leased must form the basis of the complaint. *Melody Home Mfg. Co. v. Barnes,* 741 S.W.2d 349, 351–52 (Tex.1987); *Ocean Transport, Inc. v. Greycas, Inc.,* 878 S.W.2d 256, 271 (Tex.App.-Corpus Christi 1994, writ denied); *Johnson v. DeLay,* 809 S.W.2d 552, 554 (Tex.App.—Corpus Christi 1991, writ denied). A plaintiff establishes its standing as a consumer by the terms of its relationship to a transaction, and not by a contractual relationship with the defendant. *Kennedy v. Sale,* 689 S.W.2d 890, 893 (Tex.1985); *Flenniken v. Longview Bank & Trust Co.,* 661 S.W.2d 705, 707 (Tex.1983).

By the terms of the condominium declaration, maintenance and repair of the com-

mon elements are the duties of the association. The fees charged each owner is an assessment by the terms of the declaration, and the amounts of the fees are set by the board of directors based on cash requirements "necessary to provide for the payment of all estimated expenses growing out of or connected with the maintenance and operation of the common elements."(Article 5.3, "Determination of Assessments," of the Condominium Declaration). If any owner does not pay the monthly maintenance assessment, the association can file a lien for the charges. The association controls all operations, payment of costs of maintenance and repair to the common elements, and all other expenses and liabilities incurred by the association. Appellant has no control over the extent of repairs and maintenance of the common elements individually.

■ Appellant alleged that appellee's failure to repair his cracked walls and interior damage amounted to violations of nine subsections of section 17.46(b), Texas Business and Commerce Code (the "laundry list" of "false, misleading, or deceptive acts or practices"). He further alleged that the same acts were "unconscionable" under section 17.45. He alleged that these same acts were likewise a breach of contract. Appellant produced no evidence in response to appellee's motion for summary judgment of any "false, misleading, or deceptive" acts on the part of appellee to support his DTPA claim. Appellee attached appellant's deposition as part of its summary judgment proof in which appellant admitted appellee made *no* misrepresentations about his unit before he purchased it. When asked if appellee made representations about his unit while he was living in it, he said he would have to consult his notes, and there "could have

been some remarks made about the slab in my building." When asked to produce his notes about these "remarks", appellant's counsel stated: "I'll be glad to get those, but I don't know that we have made any claims in the lawsuit of any breach of express warranties." When asked if appellee had made any other representations that he could think of about his unit, he stated: "[N]one at this time that I can recall." Accordingly, there is no evidence of any false, misleading or deceptive acts on the part of appellee to support his DTPA claim.

■ A mere breach of contract allegation, without more, is not a "false, misleading or deceptive act" in violation of the DTPA. *Ashford Dev., Inc. v. USLife Real Estate Serv. Corp.,* 661 S.W.2d 933, 935 (Tex.1983); *Enterprise–Laredo Associates v. Hachar's, Inc.,* 839 S.W.2d 822, 828–29 (Tex.App.-San Antonio 1992),*writ denied,* 843 S.W.2d 476 (Tex.1992); *Gulf States Underwriters of Louisiana, Inc. v. Wilson,* 753 S.W.2d 422, 430 (Tex.App.—Beaumont 1988, writ denied). It is therefore critical to differentiate a "mere breach of contract claim" from a breach which involves "something more" in the way of a misrepresentation or fraud claim to invoke the DTPA. *Quitta v. Fossati,* 808 S.W.2d 636, 644 (Tex.App.—Corpus Christi 1991, writ denied). Because we find that this case fits the principle that a simple breach of contract claim is not a DTPA violation, this construction has also been extended to cover allegations of unconscionable acts as well, *Gulf States Underwriters of Louisiana, Inc. v. Wilson,* 753 S.W.2d 422, 430 (Tex.App.-Beaumont 1988, writ denied). Because appellant produced no evidence to show any deceptive trade practice in violation of DTPA, the trial court did not err in finding appellant was not a "consumer" [1]

---

1. In a similar case in Connecticut, involving a suit by a unit owner against the condominium association alleging deceptive trade practices, the court found that numerous alleged instances of mismanagement under the condominium declaration did not constitute "trade or commerce" within the meaning of the Connecticut Unfair Trade Practices Act. The

"trade or commerce" section of the Connecticut act is substantially the same as section 17.46(a), Texas Business and Commerce Code, making any "false, misleading, or deceptive acts or practices in the conduct of any trade or commerce" unlawful. *See Rafalowski v. Old County Road, Inc.,* 45 Conn.Supp.

because his cause of action was for contract only. Likewise, the trial court did not err in finding appellant had no DTPA claim on the ground that appellee did not misrepresent anything to appellant.

■ **2. Statute of limitations.** To entitle appellee to the summary judgment granted in this case on limitations grounds, the summary judgment proof must conclusively establish that the statute of limitations barred this lawsuit. *See Rowntree v. Hunsucker,* 833 S.W.2d 103, 104 (Tex. 1992). If the nonmovant raises fact issues suspending limitations, the movant must conclusively negate these fact issues to show its entitlement to summary judgment. *Zale Corporation v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975).

"All actions brought under this subchapter must be commenced within two years after date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice." TEX. BUS. & COM.CODE ANN. § 17.565 (Vernon 1987 & Supp.1999).

Appellant's letter of September 21, 1988, to appellee informed them of the cracks in the walls and alleged water damage caused by the foundation shifting. Suit was filed over four years later in November 1992. Appellee's summary judgment proof included letters dated September 21, 1988, December 23, 1988, May 9, 1989, June 19, 1989, and March 29, 1990, from appellant to appellee that indicated he was well aware of the foundation problem and that it was caused by the shifting soil. This proof was not controverted, and we find that appellee's summary judgment proof established that the cause of action accrued on September 21, 1988, when appellant first discovered the cracks in the walls. *See Tenowich v. Sterling Plumbing Co.,* 712 S.W.2d 188, 189 (Tex.App.-Houston[14th Dist.] 1986, no writ).

341, 719 A.2d 84 (1997), *affirmed,* 245 Conn.

■ In his brief, appellant argues that appellee continuously represented to appellant that "positive results" were being made, and he was "unaware" that severe foundation problems existed. Appellant produced no evidence to support this argument to defeat appellee's motion for summary judgment. Appellant raises this argument for the first time on this appeal. Issues not expressly presented to the trial court may not be considered on appeal as grounds for reversal of a summary judgment. TEX.R.CIV.P. 166-A(c); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d at 675. Appellant has waived this contention for appellate review.

We hold that appellee's summary judgment proof for all three grounds providing the basis for its summary judgment motion were legally sufficient to support the trial court's summary judgment. Appellant's contentions raised in issue one asserting trial court error in granting summary judgment on his DTPA action are overruled.

**C. Discussion of Appellant's Declaratory Judgment Claim.** Under issue one, appellant further contends the trial court erred in granting summary judgment as to his action for declaratory judgment. Two grounds were alleged by appellee in support of its motion for summary judgment: (1) declaratory judgment was inappropriate because appellant's claim was mature and enforceable in the pending suit, and (2) appellant did not join other co-owners who had a claim or interest under § 37.006(a), Texas Civil Practice and Remedies Code. Because the trial court did not state the ground or grounds upon which it granted summary judgment, we will address both grounds.

**1. Declaratory judgment was inappropriate.** Appellant cites no authority, nor does he make any argument as to why the trial court's summary judgment was error if granted because declaratory judgment was inappropriate. Appellant has waived his contention that declaratory judgment was error on these grounds.

504, 714 A.2d 675 (1998).

TEX.R.APP. P. 38.1(h); *Parker v. Parker,* 897 S.W.2d 918, 926 (Tex.App.—Fort Worth 1995, writ denied).

■ Notwithstanding, the Declaratory Judgments Act is "not available to settle disputes already pending before a court." *BHP Petroleum Co. Inc. v. Millard,* 800 S.W.2d 838, 841(Tex.1990); *Heritage Life v. Heritage Group Holding,* 751 S.W.2d 229, 235 (Tex.App.—Dallas 1988, writ denied); *John Chezik Buick v. Friendly Chevrolet,* 749 S.W.2d 591, 594 (Tex.App.—Dallas 1988, writ denied). We find the trial court correctly granted summary judgment on this ground as a matter of law.

■ **2. Appellant's failure to join other co-owners.** Two years after his original suit was filed, appellant filed his second amended original petition asking the court for declaratory judgment, among other things, that the association was liable to him for the cost of repairs to the non-common elements damaged by failure to repair the common elements, and for an order requiring association to repair the foundation. Section 37.006(a), Texas Civil Practice and Remedies Code, provides:

> When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties. A declaration does not prejudice the rights of a person not a party to the proceeding.

TEX. CIV. PRAC. & REM.CODE ANN. § 37.006(a) (Vernon 1997 & Supp.1999).

Appellant cites *Caldwell v. Callender Lake Property Owners Improvement Ass'n,* 888 S.W.2d 903 (Tex.App.-Texarkana 1994, writ denied) as authority for the proposition that he was not required to join the other co-owners in his declaratory judgment action. In *Caldwell,* the lot owners had voted to increase the maintenance fees prior to the lawsuit. *Caldwell,* 888 S.W.2d at 905. Appellants, two of the 900 owners in the subdivision, filed suit for declaratory judgment alleging that deed restrictions controlled and the election raising the maintenance fees was unlawful. *Id.* The association counterclaimed asking declaratory judgment that the maintenance fund agreement controlled over the deed restrictions. *Id.* The trial court dismissed appellant's petition as a sanction and granted the association's counterclaim. *Id.*

In *Caldwell,* a declaratory judgment was granted which confirmed the position of the association that the election to raise the maintenance fees was valid. Thus, there were no new rights to be adjudicated with respect to the non-joining lot owners, because the non-joining owners had already voted to raise the fees pursuant to the maintenance agreement. Therefore, the declaratory judgment only confirmed the validity of this election and did not infringe on any rights of the non-joining owners. *Caldwell* does not apply to this suit.

Here, appellant sued the association for a declaration that the association was to pay for the damages to his unit caused by the shifting foundation which belonged to all the lot owners. Thus, all the lot owners would have an interest in this suit because their maintenance fees would be used to pay appellant's damages. Appellant argues he is entitled to his proportionate share of damages under *Caldwell.* We disagree.

In an action against a condominium's board of administration by some co-owners for damages to the common elements and their proportionate part of total damages to the condominium regime, the Texarkana Court of Appeals held that the plaintiffs lacked standing to represent non-party co-owners where the action was not brought as a class action, the plaintiffs were not contractually authorized to sue for the absent owners, and the provisions of former article 1301a, § 16, Vernon's Annotated Civil Statutes (now TEX. PROP.CODE ANN. § 81.201(b) (Vernon 1995 & Supp.1999) were not followed[2]. *Scott v. Williams,* 607

---

**2.** The Condominium Act provision that authorized suits by the council of owners of a

condominium regime, or its delegate, on behalf of two or more owners concerning a

S.W.2d 267, 270–271 ( Tex.App.-Texarkana 1980, writ ref. n.r.e.).

In this case, appellee pleaded that appellant did not have standing to sue without the joinder of the other co-owners. In its motion for summary judgment, appellee objected to the declaratory judgment suit on the same grounds, and asked that the declaratory judgment action be dismissed. Appellant did not attempt to join the co-owners or otherwise comply with the law, and the trial court did not err in dismissing appellant's declaratory judgment action under § 37.006(a), Texas Civil Practice and Remedies Code, for failure to join the co-owners because their undivided interests would be affected by the declaration, and they "must be made parties." TEX. CIV. PRAC. & REM.CODE ANN. § 37.006(a) (Vernon 1997 & 1999); *Scott*, 607 S.W.2d at 270–271. Appellant's contention under issue one that the trial court erred in granting summary judgment as to his declaratory judgment action is overruled.

### III. THE JURY CHARGE.

In issue two, appellant contends the jury charge: (1) failed to submit all of appellant's causes of actions, (2) failed to submit necessary instructions, and (3) erroneously instructed the jury regarding an "act of God."

**A. Failure to submit all causes of action.** Appellant contends the trial court failed to submit any questions regarding his cause of action for (1) breach of fiduciary duty, and (2) breach of contract. The trial court submitted the following question to the jury as the only contract issue.

### Question No. 1

Do you find the failure, if any, of Quail Harbor Condominium Association, Inc. to act reasonably and in good faith under duties of maintenance and repair required by the Condominium Declaration proximately caused damage [to] the property of W.M. Riddick?

matter related to the common elements of two

Appellant objected to the question on the grounds that the question was improper because it included breach of a fiduciary duty, breach of contract, and negligence in one question, and he was entitled to separate questions regarding each cause of action.

The trial court submitted a broad-form question of the controlling issue in this case, that is, the disputed factual issue that would entitle appellant to judgment. We review a trial court's submission of a theory of recovery or defense by questions or instructions under an abuse of discretion standard, recognizing there is a presumption in favor of the broad-form submission of questions. TEX.R. CIV. P. 277; *Texas Dept. of Human Services v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990); *Mobil Chem. Co. v. Bell*, 517 S.W.2d 245, 256 (Tex.1974). "Rule 277 mandates broad form submission 'whenever feasible,' that is, in any and every instance in which it is capable of being accomplished." *E.B.*, 802 S.W.2d at 649. The test for an abuse of discretion is whether the trial court's action in refusing to submit the requested definition and instruction was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). This means the trial court has wide discretion in submitting explanatory instructions and definitions, *Wisenbarger v. Gonzales Warm Springs Rehabilitation Hosp., Inc.*, 789 S.W.2d 688, 692 (Tex. App.—Corpus Christi 1990, writ denied), or in determining what constitutes necessary and proper issues. *Scott v. Ingle Bros. Pacific, Inc.*, 489 S.W.2d 554, 557 (Tex.1972).

Instructions and definitions are proper when they are raised by the written pleadings, supported by the evidence, and aid the jury in answering the questions in the charge. TEX.R. CIV. P. 277, 278; *see also Elbaor v. Smith*, 845 S.W.2d 240, 243 (Tex.1992); *Texas Dep't of Transp. v. Ramming*, 861 S.W.2d 460, 463

or more apartments.

(Tex.App.—Houston [14th Dist.] 1993, writ denied) (trial court's discretion "is subject to the requirement that the questions submitted must control the disposition of the case, be raised by the pleadings and evidence, and properly submit the disputed issues for the jury's deliberation."). But, "[a] judgment should not be reversed because of a failure to submit other and various phases or different shades of the same question." *Sheldon L. Pollack Corp. v. Falcon Industries, Inc.,* 794 S.W.2d 380, 383 (Tex.App.—Corpus Christi 1990, writ denied). Moreover, a trial court errs if it refuses to submit a properly formed question with appropriate instructions, and instead submits separate, granulated issues to the jury. *H.E. Butt Grocery Co. v. Warner,* 845 S.W.2d 258, 260 (Tex.1992).

In *Island Recreational Development Corp. v. Republic of Texas Savings Association,* 710 S.W.2d 551 (Tex.1986), the developer and owner of a condominium brought a lawsuit against a bank alleging breach of contract for failure to permanently fund first mortgages of condominium units under the terms of a commitment letter. *Id.* at 553. The trial court submitted a broad-form issue to the jury asking whether they found the "plaintiffs performed their obligations under the commitment letter in question." *Id.* at 554. There were no instructions accompanying this issue, nor did the parties ask for them.

The Texas Supreme Court held that trial courts are permitted, and even urged, to submit the controlling issues of a case in broad terms so as to simplify the jury's chore. *Id.* at 555. The *Island* Court further held, and Rule 277 specifically provides, that the trial court should submit appropriate accompanying instructions to enable the jury to render a verdict, when requested. *Id. See also Glendon Investments, Inc. v. Brooks,* 748 S.W.2d 465, 469 (Tex.App.—Houston [1st Dist.] 1988, writ denied); *American Cyanamid Co. v. Frankson,* 732 S.W.2d 648, 658 (Tex. App.—Corpus Christi 1987, writ ref'd n.r.e.).

In the present case, as in *Island,* appellant's contractual claim was submitted to the jury in broad form. Although appellant claims the trial court should have submitted his breach of fiduciary claim separately, the controlling issue in the case was whether appellee failed to comply with the terms of the declaration concerning maintenance and repair causing him damage. This was the issue the trial court submitted to the jury; the fiduciary requirement of good faith and reasonableness on the part of appellee was included in the broad-form question. We therefore hold that the trial court did not abuse its discretion in choosing to submit the contractual claim with the fiduciary duty of appellee in broad form. *See Pitman v. Lightfoot,* 937 S.W.2d 496, 519–520 (Tex. App.-San Antonio 1996, writ denied). Accordingly, appellant's contention as to this part of the jury charge is overruled.

As a sub-issue to the broad-form question, appellant further contends the trial court erred by failing to submit his requested instruction on the definition of fiduciary duty. Appellant has failed to preserve this complaint for review.

At the charge conference, appellant handed the trial judge his proposed jury charge and asked that it be made "part of the record." The trial judge asked if he could remove these instructions, and appellant told him, "yes, sir." The proposed jury charge containing appellant's proposed instructions was apparently lost, and it was not made a part of the record. Appellant never objected to the omission of an instruction in the charge on fiduciary duty, and never asked the trial court for a ruling on his proposed jury charge. In order to preserve charge error appellant must comply with Tex.R Civ.P. 271–279. If the error is the omission of an instruction relied on by the requesting party, three steps are required by the rules to preserve error: a proper instruction must be tendered in writing and requested prior to submission; a specific objection must be made to the omis-

sion of the instruction; and the court must make a ruling. *Wright Way Const. Co., Inc. v. Harlingen Mall Co.,* 799 S.W.2d 415, 418 (Tex.App.-Corpus Christi 1990, writ denied). Appellant just handed his proposed charge to the judge, and did not ask for a ruling on any part of it, nor is there any indication in the record that the trial court ruled on the proposed charge. Appellant did not make a rule 274, Texas Rules of Civil Procedure, objection to the omission of the instruction. Appellant has waived this claim of error for our review, and we overrule this contention.

**B. "Act of God" instruction.** For the first time on this appeal, appellant claims the trial court erred in submitting an "act of God" instruction with its jury charge. Rule 274 of the Texas Rules of Civil Procedure provides that "[a] party objecting to a charge must point out distinctly the objectionable matter and the grounds of the objection." The purpose of this rule is to afford trial courts an opportunity to correct errors in the charge by requiring objections both to clearly designate the error and to explain the grounds for complaint. *Wilgus v. Bond,* 730 S.W.2d 670, 672 (Tex.1987); *Castleberry v. Branscum,* 721 S.W.2d 270, 276 (Tex.1986). An objection that does not meet both requirements is properly overruled and does not preserve error on appeal. We overrule appellant's contention concerning this instruction.

**C. The Damages Question.** During the charge conference, appellant objected to question 4, submitting the damages issue, as being a comment on the weight of the evidence. On this appeal, he contends the trial court erred in failing to submit a fiduciary duty question, jury instruction, and proper measure of damages. He argues that under *Sassen v. Tanglegrove Townhouse Condominium Association,* 877 S.W.2d 489, 493(Tex.App.-Texarkana 1994, writ denied), the trial court should have included a damage issue to compensate him by awarding him the value of the expected performance. *Id.* Appellant's objections at trial did not clearly state the

grounds he asserts on appeal and therefore did not give the trial court an opportunity to correct any mistake. Tex.R. Civ. P. 274; *Wilgus,* 730 S.W.2d at 672. Appellant's contention on this sub-point is overruled.

At the beginning of the charge conference, appellant told the trial court: "[T]here is no special issue being submitted to this jury regarding the value of the expected performance." He then told the trial court: "[I] believe that is in error." Appellant makes no mention of this objection in his brief, and what effect, if any, it should have on his contention that the trial court's damage question was improper. Assuming *arguendo,* this would suffice as a rule 274 objection to the damage issue, appellant has still not preserved error because he never requested that his damage issue on this point be included in the jury charge, nor did he ever obtain any type of ruling from the trial court on his tendered jury charge. In *State Department of Highways & Public Transportation v. Payne,* 838 S.W.2d 235, 241 (Tex.1992), the supreme court held: "... a party has preserved error in the jury charge when he has made the trial court reasonably aware of the complaint, timely and plainly, and obtained a ruling." *Id.* 241. The supreme court reaffirmed this holding in *Alaniz v. Jones & Neuse, Inc.,* 907 S.W.2d 450, 451–452 (Tex.1995) stating: "[W]hile *Payne* does not revise the requirements of the rules of procedure [rule 273] regarding the jury charge, it does mandate that those requirements be applied in a common sense manner to serve the purposes of the rules, rather than in a technical manner which defeats them." *Id.* at 451–452. With respect to the ruling requirement, the supreme court has stated that endorsement on the proposed charge is not the only means of obtaining a ruling under rule 276, Texas Rules of Civil Procedure. *Dallas Market Center Development Co. v. Liedeker,* 958 S.W.2d 382, 387 (Tex.1997). Rule 276 allows for preservation of error by other means. *Id.* "Consistent with the rule, the clear weight of authority, and

sound policy, we hold that an endorsement by the trial court is not the exclusive means of preserving error for refusing a charge request." *Id.* In *Dallas Market Center,* the supreme court found the record affirmatively indicated the trial judge ruled that he was refusing the tendered question. *Id.* There is no indication in this case that the trial court ruled on any part of the "tendered" charge. *See also Munoz v. Berne Group, Inc.,* 919 S.W.2d 470, 472 (Tex.App.-San Antonio 1996, no writ) (attorney tendered entire proposed charge to trial court which included a proposed instruction on "safe place to work," but made no objection to failure to include an instruction on "safe place to work," did nothing to bring trial court's attention to the instruction, and failed to obtain a ruling on his tendered requested instruction. The court of appeals held appellant failed to preserve error.) We overrule appellant's contention that damages question 4 was improper.

## IV. SUFFICIENCY OF THE EVIDENCE TO SUPPORT JURY FINDINGS.

█ In issue three, appellant contends the evidence is legally and factually insufficient to support the jury findings against him in questions one and two concerning the breach of appellee's duty to maintain and repair, and negligence of either party.

When we review a no evidence claim, we consider only the evidence and inferences tending to support the jury's fact finding. *Leitch v. Hornsby,* 935 S.W.2d 114, 118 (Tex.1996). We disregard all contrary evidence and inferences. *Id.* If there is any evidence of probative force to support the finding, we overrule the point of error and uphold the jury's finding. *Id.* If there is more than a scintilla of probative evidence in the record to support the finding, a no evidence challenge fails. *Id.*

The jury answered Question 1, set out above in this opinion, "No." By this finding, the jury determined appellee did act reasonably and in good faith in the exercise of its duties of repair and maintenance in the declaration, and it did not proxi-

mately cause damage to appellant. The jury found no negligence on the part of either appellant or appellee in question 2. Question 3 was to be answered only if the jury found negligence on both parties in question 2. In question 4, as to damages, the jury found zero damages for appellant.

There was no dispute over the fact that appellant's unit suffered some damages to the interior walls he owned, and there was also damage to the common elements. The cause of the damage was not disputed, and all the damage was caused by a shifting foundation which lay on a shifting soil that contracted and expanded depending on its moisture content. Appellee's expert witness, Peverly Engineering, testified that an automatic watering device for the foundation would keep the moisture content constant and should have solved the problem. Peverly said the condition had improved by 1992 because of the watering. Peverly did not recommend putting in foundation piers to steady the foundation. Appellant's expert, Keith Ewing, testified at length about the damage to the exterior walls of various units, the foundation settling, and the shifting soil as the cause of all the damages. Although Mr. Ewing testified he "probably" would have put concrete piers under the foundations to correct the problem, he did not indicate whether the piers would solve the problem.

The evidence showed that appellant was one of the sixteen owners affected by the foundation movement, and appellee paid for no interior repairs for any unit. The management followed the recommendations of Peverly, and the watering system had been successful in lifting and stabilizing the buildings.

Appellant complained of sheetrock cracks, mildew, and water damage to his carpet. Mr. Murray, who was retained by appellee, testified the mildew on the wall seemed to have been caused by lack of insulation on a air conditioning refrigeration line. Mr. Ewing testified that water from the outside of the unit was splashing onto the bricks and seeping into the unit.

Appellant testified that it would cost $6,000.00 to put the unit in rentable condition, and that he paid $35,000.00 for the unit in 1987.

We find that there was some evidence to support the findings of the jury that appellee did not fail to reasonably and in good faith perform their duty of maintenance and repair under the declaration, and there was no negligence on the part of either party. Therefore, we hold that the evidence was legally sufficient to support their verdict, and appellant's no evidence challenge must fail.

Appellant further asserts that the same evidence is factually insufficient to support the jury's verdict. When reviewing a fact finding to determine the factual sufficiency of the evidence, we must consider and weigh all the evidence and should set aside the judgment only if the evidence is so weak as to make the finding clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d, 175, 176 (Tex.1986); *In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951). The testimony does indicate some ambivalence concerning the cause of appellant's damages. The jury decides the credibility of the witnesses and the weight to be given their testimony. The jury resolves conflicts in the testimony of witnesses, and it has the exclusive prerogative to believe part of a witness' testimony or disregard it. *M.D. Anderson Hosp. and Tumor Institute v. Felter,* 837 S.W.2d 245, 248 (Tex.App.-Houston. [1st Dist.] 1992, no writ); *American Home Assur. Co. v. Guevara,* 717 S.W.2d 381, 384 (Tex.App.—San Antonio 1986, no writ). Having examined all the evidence, and in light of our discussion above under the no evidence challenge, we conclude the evidence supporting the jury's findings is not so weak as to make the findings clearly wrong and unjust. We overrule appellant's contentions in issue three.

## V.  AWARD OF ATTORNEY FEES.

In issue four, appellant contends the trial court erred in awarding appellee its attorney's fees under section 17.50(c), Tex-

as Business and Commerce Code, providing that a defendant is entitled to recover its attorney's fees in defending the DTPA claim if it is shown the claim is "groundless and brought in bad faith, or for purposes of harassment."

While the jury was deliberating, the trial court heard evidence on the reasonableness of attorney fees from both sides. Thereafter, at a hearing on appellee's motion for judgment, the trial court heard argument on appellee's counterclaim for attorney's fees. The trial court found that appellant's DTPA claim was groundless and brought in bad faith, and that $22,558.80 was reasonable for appellee's attorney's fees incurred in the defense of appellant's DTPA claim. Appellant argues there is no evidence that his claim was groundless and brought in bad faith, and the award was an abuse of discretion by the trial court.

Under Sec. 17.50(c), "groundless" means a claim having no basis in law or fact, and not warranted by any good faith argument for the extension, modification, or reversal of existing law. *Donwerth v. Preston II Chrysler–Dodge, Inc.,* 775 S.W.2d 634, 637 (Tex.1989). The standard for determining whether a suit is groundless is "whether the totality of the tendered evidence demonstrates an arguable basis in fact and law for the consumer's claim." *Splettstosser v. Myer,* 779 S.W.2d 806, 808 (Tex.1989). The court may consider evidence that is legally inadmissible or subject to other defects in making this determination if there is some good faith belief that the tendered evidence might be admissible or that it could reasonably lead to the discovery of admissible evidence. *Donwerth,* 775 S.W.2d at 637. A suit is brought in "bad faith" if it is motivated by malicious or discriminatory purpose. *Central Texas Hardware, Inc. v. First City, Texas–Bryan, N.A.,* 810 S.W.2d 234, 237 (Tex.App.—Houston [14th Dist.] 1991, writ denied). Whether a suit is groundless or brought in bad faith is a question of law for the trial court. *Donwerth,* 775 S.W.2d

at 637. Our review of the trial court's determinations under Section 17.50(c) is a question of law under an abuse of discretion standard. *Id.* at 637 n. 3. *see also Selig v. BMW of North America, Inc.,* 832 S.W.2d 95, 103 (Tex.App.—Houston [14 Dist.] 1992, no writ).

The summary judgment had been entered earlier by another judge, and the issue of appellee's counterclaim was not resolved at that time. The new trial judge subsequently heard argument from the parties on the grounds alleged in appellee's motion for summary judgment as to why appellant's suit was groundless and in bad faith. Both sides agreed that there was no law existing at the time of the hearing as to whether appellant was a "consumer" because he purchased services from the association in the form of maintenance fees. Appellees argued that appellant had admitted in his deposition that there were no misrepresentations involved in his dealings with the association, and therefore, there were no grounds for any action under the Deceptive Trade Practices Act. Thus, appellee asserted appellant did not have "consumer" status because his action was not a DTPA action. Appellant argues in his brief that he alleged that the acts of the association were unconscionable, and misrepresentations are not necessary to sustain an action on this ground. Appellees further argued that they asserted the two-year statute of limitations as a bar to appellant's DTPA action. As indicated in this opinion under our discussion of the DTPA claim, there was no evidence presented in the summary judgment proceedings by appellant to refute appellee's assertion that his claim was untimely. Appellant's letters to the association affirmatively indicated he was aware of the foundation problem and he asked the association to do something about it. On appeal he argues he continued to receive assurances from the association promising to fix the foundation. The appellant asserts that the association made continuing misrepresentations in the form of Peverly's engineering reports and promises to fix the foundation problem. Pever-

ly's last report was dated September 1992, and the association still represented to appellant that they were getting "positive results." Thus, appellant argues limitations did not start until September 1992. Appellant admits in his brief that he "was completely aware that no case exists in the State of Texas explicitly holding the payment of maintenance fees by a homeowner to the Association is sufficient to be a 'purchase' for DTPA purposes." Appellant now argues that because the issue has not been decided, his case is not groundless, and is warranted by a good faith argument for the extension, modification, or reversal of existing law.

When reviewing a trial court's finding under the abuse of discretion standard, we may not substitute our judgment for that of the trial court. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978); *Total Minatome Corp. v. Santa Fe Minerals, Inc.,* 851 S.W.2d 336, 338 (Tex.App.—Dallas 1993, no writ). Rather, we are limited to determining whether the trial court abused its discretion by (1) acting arbitrarily and unreasonably, without reference to guiding rules or principals; or (2) misapplying the law to the established facts of the case. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

■■■■■ We find appellant has made a good-faith argument for the extension, modification, or reversal of existing law concerning the open question of his consumer status, and his DTPA action was not groundless, nor brought in bad faith for these reasons. *Donwerth,* 775 S.W.2d at 637. His argument that limitations could be extended because of the continuing misrepresentations of appellee, although not proven, is arguable. A true "continuing misrepresentation," for purposes of the DTPA involves actual, active assurances and reassurances of something. *See Hartman v. Urban,* 946 S.W.2d 546, 551 (Tex.App.-Corpus Christi 1997, no pet.). Likewise, his contention that the

lack of misrepresentations on the part of appellee, does not affect his unconscionable action, is arguable. A finding of unconscionable conduct is possible even in the absence of a specific misrepresentation. *Tri–Legends Corp. v. Ticor Title Ins. Co. of California,* 889 S.W.2d 432, 439 (Tex. App.-Houston 14th Dist.] 1994, writ denied). However, in order to give rise to a claim under this section of the DTPA, the conduct must still be unconscionable as defined under the Act. *Id. See also Angeles v. Brownsville Valley Regional Medical Center, Inc.,* 960 S.W.2d 854, 866 (Tex. App.-Corpus Christi 1997, pet. denied).

We hold that the trial court abused its discretion in awarding appellee its attorney's fees pursuant to section 17.50(c), Texas Business and Commerce Code. We sustain appellant's contention in issue four.

## VI. APPELLANT'S PROPOSED JURY CHARGE.

In issue five, appellant contends he tendered to the trial court a jury charge with properly worded questions, and he will brief this issue in a supplemental brief. Rule 38.7, Texas Rules of Appellate Procedure, provides: "[A] brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribed." As we·stated in the opinion, under the trial court's jury charge issue, paragraph III, C, this opinion, appellant has not preserved error with respect to his proposed jury charge because he never obtained any ruling on it from the trial court. We find justice does not require the supplementation of appellant's brief. *See Walston v. Walston,* 971 S.W.2d 687, 691(Tex.App.-Waco 1998, pet. denied). Appellant's issue five is overruled.

We reverse that portion of the trial court's judgment awarding appellee attorney's fees, and render judgment that appellee, Quail Harbor Condominium Association, Inc., take nothing. The remainder of the trial court's judgment is affirmed.