[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brought a complaint alleging an action to recover debt, breach of contract, tortious interference with contract, and quantum meruit. (Amended Complaint.) The plaintiff claims that the defendants, Darien Asphalt Paving, Inc. (Darien); International Fidelity Insurance Company; and the Town of Newtown (Newtown), wrongfully denied them payment under a service contract dated February 7, 1997. Darien brought a third party complaint against Newtown on March 11, 1999, which Newtown seeks to dismiss. CT Page 16582
A motion to dismiss "properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). Although "the prior pending action rule does not truly implicate the subject matter jurisdiction of the court . . . the motion to dismiss [is] the proper device by which to request that the trial court dismiss the second action." (Citations omitted; internal quotation marks omitted.) Halpern v. Board of Education,196 Conn. 647, 652 n. 4 (1985), on appeal after remand, 243 Conn. 435
(1997).
Newtown argues that Darien's third party complaint should be dismissed according to the prior pending action doctrine because Darien filed a similar complaint against Newtown in a separate action on May 19, 1998 claiming amounts due for renovations to Newtown High School. However, in Cumberland Farms, Inc. v. Townof Groton, 247 Conn. 196, 216 (1998), our Supreme Court held that "[t]he prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. . . . [T]here cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." "Additionally, it is well established that pleadings should be read broadly and realistically, as opposed to narrowly and technically." Cotto v. United Technologies Corp. ,251 Conn. 1, 42 (1999).
Darien's May, 1998 complaint alleges only a breach of contract claim against Newtown, but is silent on any issues involving Vollmer. Darien's third party complaint filed in March, 1999, alleges breach of contract and unjust enrichment claims against Newtown for Newtown's actions specifically regarding Vollmer. Therefore, these two complaints are not virtually alike and are not barred by the prior pending action doctrine.
Newtown's motion to dismiss is, accordingly, denied.
Moraghan, J. CT Page 16583