Affirmed and Majority and Concurring Opinions filed December 4, 2003









Affirmed
and Majority and Concurring Opinions filed December 4, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01130-CV

____________

 

MILTON STANFORD MOSK, III, Appellant

 

V.

 

CHERYL WARREN THOMAS F/K/A
CHERYL WARREN MOSK, Appellee

 



 

On Appeal from the 400th
District Court

Fort Bend County Texas

Trial Court Cause No. 114,652

 



 

C O N C U R R I N G   O P I N I O N

I fully agree with and join in the majority opinion.  I write separately only to address two
issues.  








First, appellant has argued that we should apply the whole
panoply of sanctions case lawCmost notably TransAmericanCto this case.  See, e.g., TransAmerican
Natural Gas Corp. v. Powell, 811 S.W.2d 913 (Tex. 1991); Spohn Hosp. v. Mayer, 104 S.W.3d 878 (Tex. 2003); Braden
v. Downey, 811 S.W.2d 922 (Tex. 1991). 
Based on this case law, he claims the trial court had to hold a hearing
to develop his reasons for filing suit and the intentions of appellant and his
lawyer.  His argument continues that,
without an evidentiary hearing on this issueChis  reasons for filing suit and his and his
lawyer=s intentionsCthe court cannot determine if
it is fair to order appellant to pay the attorney=s fees of his opposing
counsel.  This is wrong for several
reasons.  

To begin with, section 17.50(c) of the Deceptive Trade
Practices Act is different from Rule 13 and the discovery sanctions rule, Rule
215.2(b).  Compare Tex. Bus. & Com. Code ' 17.50(c), with Tex. R. Civ. P.
13, 215.2(b).  Section 17.50(c)
authorizes imposition of attorneys= fees simply on a showing that
the suit is groundless in law.  Tex. Bus. & Com. Code ' 17.50(c).  Unlike the other sanction settings, there
need not also be a showing of bad faith; groundlessness in law alone is
enough.  See id.  

Also, whether a suit is groundless in law is a legal
question, not a fact question.  See
Donwerth v. Preston II Chrysler-Dodge, Inc.,
775 S.W.2d 634, 637 (Tex. 1989); Riddick v. Quail Harbor Condominiums Ass=n, Inc., 7 S.W.3d 663, 677B78 (Tex. App.CHouston [14th Dist.] 1999, no
pet.).  As long as the trial court knows
the factual bases for the suit, which for most part should be in the petition,
it need not hold a factual hearing to determine why the lawyer included a
particular legal claim.  That question
simply does not bear on whether the suit is based on a valid or arguably valid
legal theory.  So, certainly in the case
of a novel theory of law, the court would need to hear argument from counsel,
but it would not need to hold a factual hearing.  Appellant=s claim that he was entitled to
a factual hearing is incorrect.[1]









Second, I want to address appellant=s claim that the court should
have ordered appellant=s attorney, not appellant, to
pay opposing counsel=s fees; after all, the
attorney, not appellant, drafted the pleadings. 
Once again, section 17.50(c) is written differently than the various
rules imposing sanctions discussed. 
Section 17.50(c) does not state that the attorneys= fees can be imposed against
either the party or the lawyer.  See
Tex. Bus. & Com. Code ' 17.50(c).  But other statutes and rules allowing costs
and fees to be imposed against lawyers clearly do.  One part of Rule 13 refers to Aattorneys or parties@; another part provides, AIf a pleading, motion, or other
paper is signed in violation of this rule, the court after notice and hearing .
. . shall impose an appropriate sanction upon the person who signed it, a
represented party, or both.@  Tex.
R. Civ. P. 13. 
Likewise, section 10.004(a) of the Civil Practice and Remedies Code,
which appellant also cites, refers to both the party and the lawyer: AA court that determines that a
person has signed a pleading or motion in violation of Section 10.001 may
impose a sanction on the person, a party represented by the person, or both.@  Tex. Civ. Prac. & Rem. Code ' 10.004(a).  And, in the same manner, Rule 215.2(b) refers
to both the party and the lawyer.  Tex. R. Civ. P. 215.2(b)(2)(8).  Section 17.50(c) does not refer to a Aperson or party@ or Aboth,@ as these other sanctions
provisions do.  It says the following:

On a finding by the court that
an action under this section was groundless in fact or law . . . , the court
shall award to the defendant reasonable and necessary attorneys= fees and court costs.

Tex. Bus. & Com. Code ' 17.50(c).

The clear language of Rules 13 and 215.2(b) and section
10.004 is missing from section 17.50(c). 
For these reasons, TransAmerican and
its progeny do not control this case and the court was not free under section
17.50(c) to impose sanctions against the attorney.[2]

 

/s/      Wanda McKee Fowler

Justice

 

Judgment
rendered and Majority and Concurring Opinions filed December 4, 2003.

Panel
consists of Justices Yates, Hudson, and Fowler.











[1]  A factual
hearing probably would have been necessary if the court had found that the suit
was groundless in fact or brought in bad faith or for the purpose of
harassment.  Here, though, the court
found that the suit was groundless in law, and he had before him documents
which clearly showed how appellant acquired the property; he did not need to
have a factual hearing.





[2]  Part of
appellant=s argument in this point is that the trial court had
the authority to impose sanctions against the lawyer pursuant to section 10.004
of the Texas Civil Practice and Remedies Code. 
See Tex. Civ. Prac. & Rem. Code ' 10.004(a)
(providing court may impose sanctions on the party, the lawyer, or both).  The trial court had the authority to enter
these sanctions on its own initiative, see id. ' 10.002(b), but the record reveals no evidence that
the court did so.  Further, the trial
court did not issue an order directing appellant to explain his conduct, which
the court would have been required to do when entering sanctions on its own
initiative.  See id.